83 So.2d 774 (1955)
CITY OF MIAMI BEACH, Appellant,
v.
Sadie WOLFE, Appellee.
Supreme Court of Florida. Special Division B.
November 16, 1955.
*775 Roland W. Granat, Miami Beach, for appellant.
Norman Greene, Miami Beach, and S. Philip Malspeis, Miami, for appellee.
THOMAS, Justice.
The appellee was awarded a judgment against the appellant for injuries suffered when she stepped into a depression in a sidewalk and fell.
The apellant states in its brief that the amount of the verdict was relatively small but that questions of substantive right, justice and fairness loom through the record.
The proceedings first brought to our attention, in which, by his rulings, the judge is claimed to have erred, were taken before the effective date of the amendments of the Common Law Rules, June 1, 1954. We will refer to the parties according to their position in the trial court. The attorney for the plaintiff was served with notice that the plaintiff's deposition would be taken at a certain time. Evidently the plaintiff ignored the notice and failed to invoke aid of the court to prevent the taking of the deposition or to regulate the manner of taking it. 30 F.S.A. Common Law Rule 23(b). The defendant then reported to the court the plaintiff's failure to appear and asked the court to strike all plaintiff's pleadings and dismiss the action or order the plaintiff to appear for examination. Such a motion was authorized by Common Law Rule 30(d) which contained the provision that if a party fails to respond to a notice that his deposition will be taken, the court may strike all or parts of his pleadings, or dismiss the action, or enter judgment by default against the offending party.
The court later entered an order that the deposition of the plaintiff be taken in the locality of her residence in New York, or that she be examined in Dade County one week before the scheduled trial.
Plainly the regulation by the court of depositions is largely a matter of discretion and we find nothing here to indicate abuse by the trial judge. We have related what he may do under the cited rule. It is interesting to note that the defendant not only asked for the relief the rule allows, but he sought in the alternative such other order with respect "to requiring the plaintiff to appear to give her deposition as the Court may consider just and proper under the circumstances." The judge complied with the alternative request of the defendant and we think he did so justly. And the failure of plaintiff to resort to Rule 23(b), supra, did not affect the validity of the order entered pursuant to Rule 30(d), supra. We *776 decide that the ruling of the judge should not be disturbed.
The only remaining question that we feel obliged to answer gives us more concern. We introduce our discussion of the subject by referring to our decision in Seaboard Air Line Ry. Co. v. Parks, 89 Fla. 405, 104 So. 587, 588, that evidence of repairs or improvements made after an injury is not admissible to show a "`consciousness on the part of the owner, of negligence, connivance, or other culpability in causing the the injury.'" In this holding we adopted the majority view and approved the reason frequently given for the rule, namely, if such evidence could be received against a defendant he would be penalized for an attempt to prevent injury to others. There seems to be no need now to elaborate on either the rule or the reason for it because the appellee concedes "that evidence of repairs is inadmissible to show negligence." We must decide only whether or not the circumstances in the instant case create an exception which we should recognize and apply.
In the present case testimony was admitted showing repairs to the sidewalk after the injury occurred. The attorney for the defendant objected and his objection was overruled. From the recorded colloquy between the court and counsel we understand that the judge thought an exception to the rule should be applied because of the position taken by counsel for the defendant in his opening statement that no depression in the sidewalk existed. We presume it was the purpose of the plaintiff to show that although such defect had at one time been present it had been obliterated. We deduce this from the statements of the court and counsel which we quote to avoid any inaccuracy.
"The Court: The defense in this case was, from your opening statement, that that condition did not exist. The objection is overruled.
"Mr. Granat: Your Honor said something which I would like to correct  I mean, correct your impression.
"The Court: You said you were going to prove that there was no such condition existing?
"Mr. Granat: That is right. But the fact of repairs subsequently made is not admissible evidence.
"The Court: I think in this case it is."
In his opening statement counsel for appellant had said: "We are going to show you folks, by proof, that it is practically incontestable that there could not have been a hole like that that they say was there. * * * Besides, we will show you there was not any hole; that the sidewalk was not even broken." This occurred before any testimony was heard and when the plaintiff was permitted to introduce evidence of repairs she was, in effect, rebutting counsel's opening statement.
The distinction between the situation in this case and in Seaboard Air Line Ry. Co. v. Parks, supra, is so finely drawn by the appellee that we cannot recognize it without, in our opinion, undermining the rule which was so long ago established. Certainly it was possible to obtain evidence about the condition of the sidewalk at the time appellee was injured, and utterly disregard its appearance after the city had improved it.
We are convinced that the very purpose of the rule we announced thirty years ago would be defeated were we to agree that the testimony of repairs was properly admitted. We think the ruling was erroneous and that the error was not cured by the charge that "The fact  if it is a fact  that the Defendant-City caused repairs to be made to or at the place where the Plaintiff allegedly fell, after the time of such alleged fall, is not to be considered as an admission that a defective and dangerous condition existed at such place at the time of the accident."
We have the view that such an admonition could not have disabused the minds of the jurors of the thought that if there had been no defect in the sidewalk there would have been no occasion to make any repairs. In *777 the case already cited, Seaboard Air Line Ry. Co. v. Parks, supra, the trial judge, after allowing testimony of subsequent improvement of an alleged defect, charged the jury that such action should not be taken as an admission of the existence of an unsafe place where the plaintiff was injured. This charge, said this court, could not neutralize the impression gained by the jury that later repairs indicated earlier defects, especially as the evidence was challenged but received the sanction of the court when the objections to it were overruled.
Reversed for a new trial.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.