Frank LINK, Attorney-in-Fact for the Heirs of John Kupper, Deceased, Appellant,

v.

Albert PATRICK, d/b/a Patrick Sales, Appellee.

No. 78.

Supreme Court of Alaska.

Dec. 19, 1961.

Charles E. Cole, Fairbanks, for appellant.

Warren A. Taylor and Fred D. Crane, Taylor & Crane, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Patrick, a real estate broker, received a non-exclusive, verbal authorization from Link to sell certain real property in the City of Fairbanks. If he were successful in procuring a purchaser, he was to receive a commission on the sale. The property was eventually sold, the commission was not paid, and Patrick commenced this action to recover it. The sole issue of fact to be determined, as disclosed by a pre-trial order, was whether Patrick procured the sale of the property. The court found that he had, and entered judgment in his favor for $825, which represented a commission of five percent of a purported sales price of $16,500.[1] Link has appealed, asserting that there was insufficient evidence to support the trial court's finding and judgment.

Patrick's case in the court below consisted only of his rather vague testimony which had little probative effect in establishing his right to a broker's commission. He said that he had placed some "For Sale" signs on the property, and with keys given to him by Link, showed the property to Mrs. Anderson. According to his testimony, Mrs. Anderson told him that she and her son were interested in the property, that her son was contemplating obtaining a veteran's loan, and that "she was looking at it for the purchase of it through his loan". He said that neither Mrs. Anderson nor her son saw him again about the matter. From one to three months later he observed that the Andersons were living on the property, and he ascertained that they had purchased it. He contacted Link about a commission on the sale and was told that he had none coming.

This was the sum and substance of Patrick's case. There was no showing that he made any effort to contact Mrs. Anderson or her son after she had looked at the property, or that they had contacted him. There was no showing that he referred Mrs. Anderson to Link or, in fact, even informed Link that she had looked at the property and might be a prospective buyer. Patrick was even uncertain about the sales price, stating in response to a question on this point that "I think it was somewhere around 15 or 16."

Patrick would be entitled to a commission only if he were the effective cause of accomplishing the sale of the property.[2] The most that can be said from his evidence is that it is susceptible of these inferences: that he was authorized to sell certain property on a non-exclusive basis; that he showed the property to Mrs. Anderson on one occasion; that the sales price was about $15,000 or $16,000; and that she ultimately purchased a portion of that property. Under no view of the evidence can it be inferred that Patrick was the first person who brought the property to Mrs. Anderson's attention; that he continued any negotiations after she had looked at it; that he notified his principal, Link, of her apparent interest; that the property she ultimately purchased was all of that which he had shown her; or that the price she paid was the amount which he quoted to her. In fact, as to these matters the opposite inferences are suggested by the evidence for the defense, which was not controverted and which Patrick made no attempt to rebut.

Link testified that he did not know the Andersons, that they had not come to see

---

1. The court found that the property was sold for $16,500. The only evidence on this point consists of the testimony of Mrs. Anderson, who purchased the property. She stated that she believed the price was $13,000.

2. Restatement (Second), Agency § 448 (1958).

him, and that he did not know they were the persons to whom Patrick had shown the property. He said that another real estate broker named Cook also had authority to sell the property, and in fact, was the person who negotiated the sale.

Mrs. Anderson testified that she had first learned that the property was for sale from Cook, which was prior to the time that Patrick had shown it to her, and that she had considered the price, which was about $25,000, as being too high at that time. When Patrick showed the property to her, she told him she wouldn't consider buying it because he wanted $24,000, which was more than she wanted to pay, and because she didn't want such a large piece which consisted of four acres with two houses on it. Later, she contacted Cook and at her request he arranged with Link to sell only one-half of the entire tract, which she purchased for approximately $13,000. She said that Cook took care of closing the sale, and that she had purchased the property as a result of his sales efforts and not those of Patrick. Cook also appeared as a witness,

and his testimony so far as relevant here corroborated that of Mrs. Anderson.

Where two brokers are authorized to sell the same property, neither having an exclusive agency, the one who seeks to recover a commission has the burden of showing that his activity was the efficient and procuring cause of the sale.[3] Considering all of the evidence in this action, it is clear that he has not furnished the requisite proof. The evidence is insufficient to support a finding that Patrick's services, such as they were, predominated in producing the purchase; and therefore Link had no duty to pay the commission demanded.[4]

We are not unaware of the limitations on appellate review, where regard must be given to the opportunity of the trial court to judge the credibility of witnesses.[5] But the findings of that court are not conclusive when the entire evidence convinces the reviewing court, as it does here, that a mistake has been committed.[6] The judgment is reversed, and the case is remanded with directions to enter judgment for the appellant.

---

3. Atkinson v. S. L. Nusbaum & Co., 191 Va. 82, 59 S.E.2d 857, 860–862 (1950).

4. Restatement (Second), Agency § 448, comment e, at 358 (1958); Bauman v. Worley, 166 Ohio St. 471, 143 N.E.2d 820 (1957).

5. Civil R. 52(a) says in part that "findings of fact shall not be set aside un-

less clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

6. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746, 766 (1948).