**CITY OF ANCHORAGE, a municipal corporation, Appellant,**

v.

**Carl P. STEWARD, Appellee.**

No. 174.

Supreme Court of Alaska.

Sept. 26, 1962.

Richard O. Gantz, Anchorage, for appellant.

Peter B. Walton, of Connolly & Walton, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

At about 9 a. m., January 18, 1960 the plaintiff-appellee Carl P. Steward, who will be referred to in this opinion as plaintiff, in company with a friend, walked out of the Frisco Bar and Cafe in Anchorage, where they had spent between fifteen and thirty minutes drinking coffee. Plaintiff crossed the sidewalk walking toward the front of his automobile which was parked parallel with the curb in front of the bar and cafe, but somewhat to plaintiff's left as he passed out of the main entrance. Plaintiff's intentions were to pass around the front end of his automobile and enter the driver's side from the street. At a point between one and two feet from the curb edge of the sidewalk plaintiff tripped over a protruding pipe stub and fell into the street in front of his automobile sustaining severe back injuries. The pipe stub was the remnant of a City of Anchorage parking sign support and protruded two and one-half to three inches above the surface of the sidewalk. The evidence disclosed that the pipe support of the sign had been bent approximately three times prior to plaintiff's accident. Each time the city had straightened it. On the city's last attempt to straighten it, approximately one or two weeks prior to plaintiff's fall, the pipe had broken off at the base, leaving the protruding stub.

Plaintiff alleged negligence on the part of the city in permitting the pipe stub to remain in the condition described. The trial court sitting without a jury found that the

city had constructive notice of the condition, was negligent in permitting it to continue for the period of time that it did; that the city's negligence was the proximate cause of plaintiff's fall and injuries and that plaintiff was free of contributory negligence. Plaintiff was awarded $62,456 damages.

The city's main defense was that plaintiff had implied or constructive knowledge of the existence of the protruding pipe stub and was guilty of contributory negligence.

At the conclusion of the trial on March 2, 1961 the court reserved decision. On March 7, 1961 the trial judge announced his decision orally in open court. In discussing the city's defense of contributory negligence the judge stated:

"Contributory negligence then, if any must follow actual knowledge of the dangerous condition before plaintiff stumbled over it. There is no evidence to that effect in the record. * * * Under the circumstances at hand, it can be concluded that not only was the City negligent in allowing the condition of the pipe stub to protrude above the sidewalk near a parking meter, which made it a hazard to people walking in that particular area to get to their cars parked at the curb, but under the circumstances in the lack of showing that the plaintiff had actual knowledge of the stub of pipe and that it did represent a hazard to his pathway of travel, he is free of contributory negligence."

It was not until June 26, 1961 that proposed findings of fact and conclusions of law were served on the city. As to the defense of contributory negligence they contained only the conclusion of law that "the plaintiff was not guilty of contributory negligence". The city filed objections on June 27, 1961 alleging that the findings did not reflect the ruling of the trial judge with respect to contributory negligence as above quoted. The same objections were renewed on July 11, 1961 as to amended proposed findings. Amended findings of

fact and conclusions of law were finally signed by the judge and filed with the signed judgment on September 8, 1961. As to contributory negligence, amended finding No. 26 stated:

"Under the circumstances existing at the time and place of the plaintiff's fall, the plaintiff did not fail to exercise that degree of care which an ordinarily prudent person would exercise under like conditions."

The city's main point on appeal is that the trial judge erred in ruling that plaintiff was not guilty of contributory negligence and that he arrived at the ruling because of his original mistaken belief that plaintiff must have had actual knowledge of the existence of the pipe stub before he could be held to be guilty of contributory negligence.

The undisputed testimony of three witnesses, including that of the plaintiff, was that the pipe stub was plainly visible. Photographs admitted into evidence bear out this testimony. The fall occurred around 9 a. m. It was winter daylight, and the testimony of witnesses, including plaintiff, was that there was sufficient light to see well. Admittedly plaintiff was not looking at the sidewalk at the time he stumbled.

To determine whether or not the plaintiff was guilty of contributory negligence the trial judge should have considered whether the pipe stub was such an obvious defect that a reasonably careful and prudent person under the same circumstances would have seen and avoided it in crossing the sidewalk. If the trial judge found that the plaintiff's conduct measured up to that of a reasonably careful and prudent person under the same circumstances then a holding that plaintiff was free of contributory negligence would have been proper. Otherwise the trial judge should have held that plaintiff's conduct fell below that of the reasonable man and that he was contributorily at fault.[1]

1. Restatement Torts § 466(b) (1934); Lerner v. City of Philadelphia, 221 Pa. 294, 70 A. 755, 21 L.R.A.,N.S., 614 (1908).

The trial judge had the case under advisement for five days before his memorandum decision was rendered. In that decision the judge stated not once, but twice, that plaintiff was found to be free of contributory negligence because the evidence disclosed that he did not have actual knowledge of the existence of the pipe stub. This is persuasive evidence that the controlling fact in the judge's mind when he initially decided the issue of contributory negligence was that plaintiff was not aware of the existence of the pipe stub.

Appellee concedes that the judge's statement of the law in his oral decision was erroneous but argues that this is not an appealable point because the judge unequivocally repudiated the erroneous statement when he signed a supplemental memorandum which was part of an order denying the city's motion for a new trial. The judge did repudiate the erroneous statement, but the initial oral decision, the finding and the supplemental memorandum must be considered in perspective. It was six months after the oral decision had been rendered that the judge approved a finding that plaintiff did not fail to exercise ordinary care under the circumstances. The judgment in plaintiff's favor was signed on the same date that the finding was approved. Two

weeks after the judgment had been signed hearing was had on the city's motion for a new trial. On the date of but prior to the hearing counsel for plaintiff served and filed the order and supplemental memorandum set out below.[2] It is not, for the most part, substantiated by anything said by the judge in court. All the judge said at the close of argument was, "The motion for a new trial is denied." He then signed the order-memorandum and recessed court.

■ The order is so contradictory to the oral decision that its usefulness is impaired. For example, the order in part recites, "The Court did not adopt the rule suggested by defendant's counsel that 'One cannot be guilty of contributory negligence unless one has actual notice of the defect involved.' " The original decision stated, "Contributory negligence then, if any must follow actual knowledge of the dangerous condition before plaintiff stumbled over it." This same view was repeated by the judge later in the decision. We cannot escape the belief that the trial judge's initial decision may have been influenced by an erroneous view of the law and that in the interests of justice the entire case should be retried.

■ The city objected to the admission of testimony regarding remedial procedures

2. The Order Denying Motion For New Trial Supplemental Memorandum states:
"A hearing was had before the undersigned Judge of the above Court on September 22, 1961, of defendant's Motion for New Trial. Clarification at that time was asked of the Court as to the basis for its Conclusion of Law No. 3 (entered on September 8, 1961). In reaching that conclusion the Court relied on the rule that a pedestrian who is injured as a result of a defect in a sidewalk is guilty of contributory negligence if he fails to exercise that degree of care which an ordinary, reasonable, prudent person would exercise under like circumstances. The Court did not adopt the rule suggested by defendant's counsel that 'One cannot be guilty of contributory negligence unless one has actual notice of the defect involved'. Having duly considered the evidence, arguments of counsel, and having had an opportunity to review the applicable por-

tions of the transcript, the Court concluded that the plaintiff neither had actual nor constructive notice of the defect in question prior to his injury and for that reason the Court entered Finding of Fact No. 26, stating that:
" 'Under the circumstances existing at the time and place of the plaintiff's fall, the plaintiff did not fail to exercise that degree of care which an ordinarily prudent person would exercise under like conditions.'
With respect to defendant's Motion for New Trial, having duly considered the grounds advanced by counsel for the defendant, arguments of both counsel, the Findings, Conclusions and Judgment heretofore entered, as well as the evidence adduced at the trial of this case,
"IT IS HEREBY ORDERED, that the defendant's Motion for New Trial be and the same hereby is denied.
"DATED September 22, 1961."

and repairs made subsequent to plaintiff's fall. The record discloses that admission of such testimony was allowed twice over the city's objection. On another occasion the judge himself asked a witness whether the pipe stub was cut off subsequent to the fall.

Admission of this type testimony was error. This is the general rule based on the ground that evidence of subsequent repairs or remedial or preventive action taken is not strictly relevant to the question of negligence and may very well be given overemphasis by the trier of the facts. The rule is based on the additional ground that to admit such evidence would be to discourage owners from improving the place or thing that had caused injury for fear of the later evidential use of their acts to their disadvantage.[3]

The city argues that the trial judge erred in refusing to admit evidence of plaintiff's criminal record to show bias and unemployability. The record does not support appellant's statement. Our attention has not been directed to any portion of the record indicating that the city ever attempted to introduce evidence of plaintiff's criminal record. The record does reflect that the trial judge overruled plaintiff's counsel's objections on at least two occasions and permitted the city wide latitude in examining plaintiff, and a witness, as to plaintiff's drinking habits. Plaintiff was not asked the permissible question of whether he had ever been convicted of a crime and no attempt was made to introduce his criminal record, if he had one.

■ Finally, the city contends that error was committed in admitting, over objection, testimony regarding the average local union carpenter's wage for the year 1960 and that this evidence improperly influenced the court to award excessive damages. The Financial Secretary of Carpenters Local Union 1281, of which plaintiff was a member, testified as to the average annual wage earned by thirty-one members of the local who were between the ages of fifty and sixty during 1960. It is not clear from the record whether the names selected constituted all of the members within this age group or whether they represented members within the age bracket with the highest average earnings. At the city's request the same witness produced records showing plaintiff's annual earnings for the years 1956 through 1959. Considerable evidence was received as to plaintiff's physical condition and employability both before and after the accident. No error was committed in admitting the evidence complained of. Any evidence that would assist in determining plaintiff's past, present and future earning capacity should be admitted, including evidence of age, intelligence, habits, health, occupation, life expectancy and rates of wages paid generally to those following the same occupation.[4]

The judgment is reversed and the case is remanded for a new trial.

3. II Wigmore, Evidence § 283 (3d ed. 1940); City of Miami Beach v. Wolfe, 83 So.2d 774, 776 (Fla.1955) where evidence of subsequent repairs to a sidewalk was held to be reversible error.

4. Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 1047, 15 A.L.R.2d 407 (1949).