Carl P. STEWARD, Appellant,

v.

CITY OF ANCHORAGE, Appellee.

No. 383.

Supreme Court of Alaska.

May 1, 1964.

Peter B. Walton, Connolly, Walton & Hammond, Anchorage, for appellant.

Harland W. Davis, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant was injured when he tripped and fell over a stub of a broken sign post protruding from a sidewalk in the City of Anchorage. He brought suit against the City on a claim of negligence and was awarded judgment. On appeal, we reversed the judgment and remanded the case for a new trial because of the trial court's erroneous view of the law of contributory negligence.[1] A new trial was held. At its conclusion the court found that the City had been negligent in its failure to remove the pipe stub, but that appellant's claim was barred by his own contributory negligence. On this appeal appellant cites five specifications of error. Taken together, they present one basic issue: whether the trial court's finding that appellant was contributorily negligent was clearly erroneous.

1. City of Anchorage v. Steward, 374 P.2d 737 (Alaska 1962).

On January 18, 1960, at about 9:00 a. m., appellant left the Frisco Cafe on 4th Avenue in Anchorage and started across the sidewalk to reach his car which was parked at the curb. Before reaching the curb appellant stumbled and fell over a broken sign post stub. The stub was about two and one-half inches in diameter and protruded from two and one-half to three inches above the snow covered sidewalk. It was visible from a distance of about ten feet, and was located about eleven feet from the cafe and ten to twelve inches from the curb. There was nothing to obstruct appellant's vision between the Frisco Cafe and the curb. As appellant crossed the sidewalk he directed his attention to a vehicle approaching from his left, since he intended to step into the street and walk in front of his car to enter it from the street side. Photographs taken by appellant on the day following the accident show packed snow and ice along the curb which slanted sharply from the sidewalk surface to the street.

In reaching his decision on the above facts the trial judge did not, as appellant contends, find appellant contributorily negligent merely because he stumbled over a visible defect, thereby imposing a duty on a pedestrian to keep his undivided attention directed to the sidewalk in front of him. Rather, the judge found that appellant had failed to observe and avoid that which a reasonably prudent man would have seen and avoided under the same circumstances.[2] This is clear from the judge's oral decision where he said:

> "But I find the plaintiff was himself contributorily negligent immediately prior to and at the time he was injured.

The defect was plainly visible and a reasonable man under the circumstances would not have failed to observe it. There was nothing in his way to block his view from the time he exited from the entrance of the Frisco Bar until he fell. The stub was in plain sight for a distance of at least ten feet. There was nothing unusual about the traffic in the street. He was approaching a curb which may perhaps have been at least as hazardous as the pipe stub. I find the plaintiff's conduct failed to measure up to that of a reasonable, careful and prudent person under the same circumstances."

When faced with a challenge to the trial court's findings of fact, our review is limited to a determination of whether the findings are clearly erroneous.[3] A finding is not clearly erroneous unless on the entire evidence we are left with the definite and firm conviction that a mistake has been made.[4] We do not believe there has been any such mistake in this case. The trial judge was required to apply to the facts at hand his informed experience in human affairs, and make a decision as to whether appellant's actions were those of a reasonably prudent person under the same circumstances. This the judge did. He concluded that one crossing a sidewalk preparing to step off an icy curb, with his visibility unobstructed, ought to have watched where he was going, and that if he had the pipe stub near the curb would have been seen and avoided. We find no clear error in the judge's finding that appellant was contributorily negligent.

---

2. This is the test for contributory negligence that we set forth in the first appeal of this case. See City of Anchorage v. Steward, supra, note 1 at 738 of 374 P.2d.

3. Chirikoff Island Cattle Corp. v. Robinette, 372 P.2d 791, 792 (Alaska 1962).

4. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541–542, 92 L.Ed. 746, 766 (1948); Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 1199–1200, 4 L.Ed. 2d 1218, 1228 (1960). See Link v. Patrick, 367 P.2d 157, 159 (Alaska 1961); Awes v. Walker, 370 P.2d 187 (Alaska 1962).

■■ What we have said above disposes of the appeal on its merits. We take note of the fact that appellant, in prosecuting this appeal, did not serve and file with his partial designation of record a statement of points as required by Supreme Court Rule 9(e).[5] Appellee has urged that the appeal be dismissed because of this deficiency. That is not an inappropriate request, and one that might well be granted in other circumstances. However, this case has been twice tried and this is the second appeal, and we felt that under these circumstances a decision on the merits was warranted.

The appellant's statement of points serves at least two purposes. It alerts the appellee to the issues appellant intends to argue in his brief, thus enabling appellee to designate any additional portions of the record necessary for the presentation of appellee's case. It should also cause the elimination of unnecessary matter from the typed transcript of the trial proceedings, so that a waste of the transcript secretary's time can be avoided.

Appellant's failure to serve and file a statement of points in compliance with the rule forced the appellee, as a measure of protection, to have a transcript of the entire proceedings prepared. A substantial portion of the typed transcript, such as the opening and closing arguments of counsel, medical testimony, and the testimony of a number of witnesses, was in no way pertinent to any of the issues raised by appellant in his brief. By reason of his failure to comply with Rule 9(e), the appellant placed an unnecessary burden of cost and inconvenience on the court system in preparing portions of the transcript which were not needed.

The judgment is affirmed.

5. Supreme Ct.R. 9(e) provides:
   "If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve and file with his designation a concise statement of the points on which he intends to rely on the appeal. Otherwise such statement of points shall be served and filed prior to the time that the preparation of the record on appeal is to be completed. The court will consider nothing but the points so stated."