Harold G. OGDEN and Garnet R. Ogden,
Appellants,

v.

STATE of Alaska, Appellee.

No. 473.

Supreme Court of Alaska.

Sept. 21, 1964.

Robert A. Parrish and Millard F. Ingraham, Fairbanks, for appellants.

Charles J. Clasby, Collins & Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellants contend that the trial judge erred in finding that appellant, Harold Ogden, was injured as a result of his own negligence when he slipped and fell on some ice at the Fairbanks International Airport. Our consideration of appellants' contention is limited to determining whether the judge's finding was clearly erroneous.[1] And we shall hold that there was clear error only if on the entire evidence we are left with the definite and firm conviction that the judge's finding was a mistake.[2]

---

1. Steward v. City of Anchorage, Opinion No. 213, 391 P.2d 730, 731 (Alaska 1964); Preferred Gen. Agency of Alaska, Inc. v. Raffetto, Opinion No. 214, 391 P.2d 951, 952–953 (Alaska 1964); Chirikoff Island Cattle Corp. v. Robinette, 372 P.2d 791, 792 (Alaska 1962); Monsma v. Williams, 385 P.2d 107, 110 (Alaska 1963); Smith v. Boen-Koon & Egge-Cummins Constr. Co., 384 P.2d 283, 286 (Alaska 1963); In re Kraft's Estate, 374 P.2d 413, 416 (Alaska 1962); Nordin v. Zimmer, 373 P.2d 738, 741–742 (Alaska 1962).

2. Steward v. City of Anchorage; Preferred Gen. Agency of Alaska, Inc. v. Raffetto, supra note 1. See Link v. Patrick, 367 P.2d 157, 159 (Alaska 1961); Awes v. Walker, 370 P.2d 187 (Alaska 1962).

**372**

At the sidewalk curb in front of the main entrance to the airport terminal building a ridge of ice or hard-packed snow had been formed and reformed by the wheels of taxicabs and other vehicles using that point for the loading and unloading of passengers. The ridge was from three to four inches above the level of the sidewalk and extended two to three inches over the sidewalk at the curb. Appellant was leaving the airport terminal building, and in attempting to cross the icy ridge, stepped on it, slipped and fell. To describe what happened in appellant's own words: "I was stepping from the sidewalk attempting to cross this ridge, and uh—I guess I just stepped in the wrong place." Appellant was quite familiar with the icy condition of the curb area involved, since he worked at the airport and had crossed the area frequently in going to and from work.

The trial judge applied to the facts of this case his informed experience in human affairs and found that appellant had failed to exercise reasonable care for his own safety—that his actions were not those of a reasonably prudent person under the circumstances that existed.[3] We are not convinced that the judge's finding was clearly erroneous. Appellant's familiarity with the conditions that existed, together with his acknowledged mistake in having "stepped in the wrong place", reasonably suggest that appellant was careless and that his lack of due care was the cause of his fall and resulting injuries.

Appellant also argues that the judge erred in holding that appellee was not negligent in permitting the icy condition to exist. We need not decide this issue, for even if appellee were negligent appellant's contributory negligence would bar his recovery.[4] Nor shall we pass upon another issue raised by the parties in their briefs,

which is whether the appellee, as owner of the premises where appellant was injured, would be immune from liability for negligence by reason of its status as a sovereign state. This question was not ruled upon by the trial judge. A decision on the question is not necessary for a determination of this action. We are being asked to rule upon an abstract proposition and establish a rule of law on a matter not in actual controversy. This we decline to do.[5]

The judgment is affirmed.

---

3. See Steward v. City of Anchorage, Opinion No. 213, 391 P.2d 730, 731 (Alaska 1964).

4. Van Reenan v. Golden Valley Electric Ass'n, 379 P.2d 958, 961 (Alaska 1963).

5. Graham v. City of Anchorage, 364 P.2d 57, 59 (Alaska 1961).