**Don GILBERT, Appellant,**

v.

**William SEXTON, Appellee.**

No. 508.

Supreme Court of Alaska.

Jan. 25, 1965.

Henry J. Camarot, Fairbanks, for appellant.

George B. McNabb, Jr., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

On June 1, 1957, the parties entered into a written contract by the terms of which appellant sold to appellee the exclusive right to operate an "A & W Drive-In" root beer retail vending establishment in the area north of the Chena River, in Fairbanks. In consideration, appellee agreed to pay appellant 4 per cent of the gross proceeds realized from the operation of the drive-in for a period of twenty-two years.

The agreement also provided that "Buyer and seller shall both use seller's supplies to maintain uniform products throughout the franchise area."

Immediately after the contract was signed the parties jointly placed an order with A & W for a prefabricated building, certain equipment, fifty cases of root beer concentrate, twenty-five cases of orange concentrate and other items totaling $22,000 in cost. Another joint order was placed in June of 1958 to replenish consumable items previously ordered.

In the summer of 1958 appellee was given a card by appellant which authorized appellee to purchase supplies direct from A & W's supply house in California.

By July 11, 1959, relations between the parties had become unfriendly and on or about that date appellant notified appellee that all future purchases by appellee under the contract would have to be made through appellant. Appellant also notified A & W that it should discontinue permitting appellee to purchase direct.

In the suit which resulted appellant (plaintiff below) alleged breach of contract and requested damages, and a royalty accounting. Appellee alleged breach of contract on appellant's part, alleged in an affirmative defense that appellant neglected to carry a stock of supplies sufficient to supply franchise holders such as appellee, and counterclaimed for damages.

The trial court found that both parties had breached the contract; that both had failed in their proofs and accordingly denied relief to either.

The main point raised by appellant is that the court erred in finding that appellant had breached the contract by cutting off appellee's source of supply by rescinding his right to purchase from A & W direct.

Appellant contends that his authorization to appellee which permitted appellee to purchase direct from A & W was merely the granting of a revocable privilege and did not amount to a modification of the contract, as found by the court, and that the recision of the privilege was merely the changing of a nonessential procedure with respect to the method of procuring supplies and not a breach of the modified contract as found by the court.

The undisputed evidence was that the requirements of paragraph 5 of the contract, that appellant's supplies be used, was changed in the summer of 1958 when appellant gave appellee a card which permitted him to order supplies direct from A & W. This arrangement meant a saving to appellee of 4 per cent on the cost of all supplies ordered and remained in effect for a full year before appellant notified A & W to discontinue permitting appellee to purchase direct.

There was evidence to support the court's finding that the written contract was modified by the conduct of the parties commencing in the summer of 1958 insofar as it required appellee to purchase all supplies through appellant.[1] Pursuant to the provisions of Civil Rule 52(a), this court will not set aside the court's finding

1. Matanuska Valley Farmers Coop. Ass'n v. Monaghan, 188 F.2d 906, 909 (9th Cir. 1951); Davis v. Payne & Day, Inc., 10 Utah 2d 53, 348 P.2d 337, 339 (1960), aff'd, 12 Utah 2d 107, 363 P.2d 498 (1961); 6 Corbin, Contracts § 1294 (1962); 6 Williston, Contracts § 1826 (rev. ed. 1938).

absent a showing that it was clearly erroneous.[2]

There is likewise evidence to support the court's finding and conclusion that the contract as modified was repudiated by appellant when appellee's authority to purchase supplies direct from A & W was rescinded by appellant. Again, absent a showing that the court was clearly erroneous in this respect, the finding and conclusion will not be disturbed.[3]

Appellant next contends that the trial court erred in holding that he was estopped by his conduct from rescinding the authorization or privilege of ordering supplies direct from A & W.

It is true, as appellant points out, that estoppel was not pleaded as an affirmative defense, as required by Civil Rule 8 (c), nor was any motion made at the conclusion of the trial to amend the answer to conform to any proof submitted in support of estoppel. These omissions would not be fatal, however, if it were important to sustain the conclusion, since the pleadings could be amended at any time to conform to the proof—even after judgment.[4]

Since the trial court found a modification of the original contract and a breach of the modified contract by appellant, it would seem relatively unimportant and certainly not controlling that it also found that appellant was estopped by his conduct from asserting the original provision of the contract.

Even if it were demonstrated that the court committed clear error with respect to estoppel, and as a matter of fact this has not been done, the error would be harmless and the outcome of the case would not be effected.

Appellant's final point is that error was committed in entering Findings of Fact 4, 5, 6 and 13.

The support in the brief for these specifications consists of argumentative interpretations of the evidence. We are not convinced that clear error was committed with respect to any of the findings and shall not disturb them.[5]

The judgment below is affirmed.

2. Ogden v. State, Opinion No. 252, 395 P.2d 371 (Alaska 1964); Preferred Gen. Agency of Alaska, Inc. v. Raffetto, Opinion No. 214, 391 P.2d 951, 952–953 (Alaska 1964); Smith v. Boen-Koon & Egge-Cummins Constr. Co., 384 P.2d 283, 286 (Alaska 1963); Chirikoff Island Cattle Corp. v. Robinette, 372 P.2d 791, 792 (Alaska 1962). See Awes v. Walker, 370 P.2d 187, 190 (Alaska 1962); Link v. Patrick, 367 P.2d 157, 159 (Alaska 1961).

3. Ibid.

4. Civ.R. 15(b).

5. Smith v. Boen-Koon & Egge-Cummins Constr. Co., 384 P.2d 283, 286 (Alaska 1963), and note 2 supra.