Fern PALFY, individually, and as Executrix of the Estate of Paul Palfy, Deceased, Appellant,

v.

Everett W. HEPP, d/b/a H & S Warehouse, Appellee.

No. 942.

Supreme Court of Alaska.

Dec. 9, 1968.

Warren A. Taylor, Fairbanks, for appellant.

Charles J. Clasby, Fairbanks, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant-executrix sued appellee-tenant for unpaid rents due under an oral lease. At the trial appellant offered into evidence a document which her accountant testified was a bookkeeping summary of rental payments made by appellee and receipts issued by appellant's testator. The accountant stated that the payment and receipt data had been verified as correct by an examination of the records of appellant and appellee. However, there was other data concerning appellant's rental claims shown on the document the source of which was not identified by the accountant, Mr. Johnson. The trial court sustained appellee's objection to receiving the summary into evidence and this ruling is the basis for appellant's main point on appeal.

Appellant argues that since the testator is no longer available to testify and his bookkeeping records, receipts, and ledgers were lost or destroyed in the Fairbanks flood of August, 1967, the summary was the best evidence available and should have been admitted.

Appellee points out that that portion of the summary which set out rental payments

made and receipts issued was cumulative of other evidence already in evidence, but that the portion which purported to be a transcript from testator's accounts receivable record was self-serving and had not been identified by the accountant as having been made by him from lost records containing testator's accounts receivable.

Appellant testified that the column of figures in question came from testator's books and testator's "conversations with Mr. Johnson (the accountant)" and that the books had been lost or destroyed in the flood.

In explaining his ruling the trial judge stated:

THE COURT: As I recall, Mr. Johnson testified only as to the report of—beginning sometime in 1953 through August of 1963 in that he testified that the payments and receipts were in agreement. There were other matters contained on here and no foundation was laid as to Mr. Johnson's testifying as to the nature of a lost record, books of account, or some sort of a record made by Mr. Palfy. It may well be that these records were lost in the flood. Probably we will have a lot of this litigation in the future and have to make some decision as to how this is done to reconstruct these books. But Mr. Johnson would be the person that would testify since he's better qualified than * * *.

The trial court was correct in its ruling. Since the column of figures in question was added to the exhibit by the accountant, Mr. Johnson, the foundation for its admission should have been laid by his testimony that he had used as a basis records kept by testator in the regular course of business which had been lost or destroyed. Such testimony was not elicited from him, although the basis for appellee's objection and the court's reasons for sustaining it were clearly stated while he was still on the witness stand. The witness was excused immediately after the court's ruling and was not recalled. Since no proper foundation was laid for admission of the column of figures its rejection was not error. Since it is not disputed that that portion of the exhibit which contained a record of rental payments and receipts issued was cumulative of evidence already before the court, appellant suffered no prejudice from the court's action in rejecting the entire exhibit.[1]

One facet of appellant's claim for unpaid rent was that appellee had not vacated the premises on July 31, 1963, as he had notified appellant that he would; that in fact he had continued to use the premises as a place of storage for some washing machine frames

1. See Civ.R. 44(a) (1) and (c) which state:
    (a) Business Records. (1) Admissibility. Writings offered as memoranda or records of acts, conditions, or events are admissible as evidence of the facts stated therein if the court finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness. The word "business" as used herein shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not.
    (c) Reproduced Records. The content of any admissible writing made in the regular course of a "business" as defined in (a) (1) or in the regular course of duty of any "public official" as defined in (b) (1) may be proved by a photostatic, microfilm, microcard, miniature photographic or other photographic copy or reproduction or by an enlargement thereof, when satisfactorily identified, if it was in the regular course of such business or official activity to make and preserve such copies or reproductions as a part of the records of such business or office. The introduction of such copy, reproduction or enlargement does not preclude admission of the original writing.
    See also Wigmore on Evidence, 3rd Ed., § 1193, at 336 et seq., § 1266 et seq., at 523 et seq.; McCormick on Evidence (1954), § 195–209, at 408–425.

belonging to his sub-tenant and miscellaneous equipment and tools of his own.

The next point to be considered is appellant's claim that the trial court erred in not finding that appellee was a holdover tenant under the above facts and therefore liable for rentals from July 31, 1963, until April of 1965 when the personal property was removed at appellant's request.

An examination of the record discloses that in contradiction of appellant's claim that appellee was a holdover tenant was appellee's testimony that most of the equipment belonged to the deceased; that the washing machine shells were left on the premises with deceased's consent and appellant's testimony that after appellee had vacated the premises it was not appellant's intention to attempt to rent the buildings again and no effort was ever made in this respect.

■ The trial court's finding was made on conflicting evidence and since it has not been shown that the finding is clearly erroneous we shall not disturb it.[2]

Although not included in the statement of points on appeal, appellant has presented argument to the effect that the court erred in holding in a memorandum opinion granting partial summary judgment that the six year statute of limitations contained in AS 09.10.050 had affected any portion of appellant's claim for unpaid rental.

In this connection, and in order to give meaning to the above claim, appellant contends that the trial court also erred in holding in the memorandum opinion that as a matter of law appellant could have no claim for rent due from January 1, 1960, through July 31, 1963.

The latter holding of the court was made on July 6, 1967, after appellant had failed to answer appellee's request for admissions. Appellant's only showing with respect to the invalidity of the court's order is her statement in her brief that:

Defendant's Pre-Trial Memo, containing Request for Admission was filed September 30, 1966 (R–24–28). The pretrial conference was held October 3, 1966 and since plaintiff did not have adequate time to prepare a written answer to the request, plaintiff admitted orally that payments in certain amounts were made by defendant but not that those payments covered certain specified periods when rent was due and owing.

We have been unable to find any substantiation in the record that appellant actually made the equivocal, oral response claimed to have been made at the pre-trial conference. Appellant's contention conflicts with the statement of the court in its Memorandum Opinion of July 6, 1967. Further, although appellant's "Memorandum in Opposition to Findings and Determination in Memorandum Opinion Concerning a Certain Period of Time," filed on August 4, 1967, took issue with the court's holding in this respect, it made no mention of the fact that an oral response had been made at the pre-trial conference.

■ Since no showing of invalidity has been made, we shall not disturb the court's order that appellee's request for admissions should stand admitted because of appellant's failure to properly respond. This holding renders moot the question of the applicability of the statute of limitations.

Finding no error, the judgment below is affirmed.

2. Nordin v. Zimmer, 373 P.2d 738, 742 (Alaska 1962).