**W. E. KNOX, Jr., Appellant,**

v.

**Ruth E. PICKLES and Homer Carr
Miracle, Appellees.**

**No. 914.**

Supreme Court of Alaska.

Feb. 24, 1969.

James R. Clouse, Jr., Anchorage, for appellant.

No appearance for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

Appellant instituted suit in the superior court seeking damages arising out of appellees' purported conversion of his property. Alternatively, appellant sought to regain possession of this personalty.[1] After a nonjury trial, the superior court entered findings of fact and conclusions of law, as well as judgment, which were generally favorable to appellees. We hold that the judgment entered below should be affirmed with the exception of one minor provision thereof.

Factually, the record shows that in April 1963 appellant purchased certain surplus carrier telegraph equipment from the salvage yard at Elmendorf Air Force Base which is located near Anchorage, Alaska. Appellant paid the total sum of $102 for this electrical equipment which at the time of its purchase was approximately 15 years old. After acquiring this property, appellant moved it to a residential garage which was owned by appellee Pickles and her husband. Subsequent to the March 1964 earthquake, appellees requested appellant to remove the electrical equipment he had stored in their garage. Prior to appellant's commencement of this action in December 1964, appellees removed from their garage approximately one-third of the equipment that appellant had stored there.

In its findings of fact the trial court found in part that this electrical equipment is of value, but any value in excess of $102.00 has not been established. The equipment has no ready market and no true market value.

Of further relevance to appellant's conversion cause of action are the following findings of the court:

Some of the property * * * was technically converted by either one or the other defendant in that while in their custody defendants removed some of the property later hauled to the city dump * * *. This technical conversion resulted in damage to plaintiff in the amount of $100.00.

In regard to these findings, appellant asserts that they are insufficient in that they fail to disclose the basis for the court's determination that no more than $102 had been established as the value of the electrical equipment, and that only $100 in damages flowed from appellees' conversion of a portion of this equipment.

In Beaulieu v. Elliott[2] we said:

It is most important that the trial court comply meticulously with the requirements of Civil Rule 52(a) with respect to the making of findings of fact in order to give us a clear understanding of the basis of the trial court's decision, and to enable us to properly appraise the elements which entered into the court's award of damages.[3]

We hold that the standard of *Beaulieu,* and our other relevant prior precedents pertaining to findings of fact, have been met here. The adequacy of the findings is demonstrated when they are considered in light of the court's rather com-

---

1. Originally an action was instituted only against appellee Pickles. Appellee Pickles thereafter filed a general denial. Subsequently, appellant was granted permission to file an amended complaint adding appellee Miracle as a party defendant. From the record it appears that no formal answer was filed to this amended complaint by either appellee.

2. 434 P.2d 665, 670 (Alaska 1967) (footnotes omitted).

3. Cited were Patrick v. Sedwick, 413 P. 2d 169, 174–176 (Alaska 1966); Hamilton v. Lotto, 391 P.2d 948, 949 (Alaska 1964); Dickerson v. Geiermann, 368 P.2d 217, 219 (Alaska 1962); Spenard Plumbing & Heating Co. v. Wright Const. Co., 370 P.2d 519, 525, 526 (Alaska 1962); Merrill v. Merrill, 368 P.2d 546, 548 (Alaska 1962).

prehensive oral decision.[4] Study of the oral opinion in conjunction with the findings furnishes a clear understanding of the basis for the trial court's resolution of the conversion and valuation issues.

Concerning the court's findings as to value and damages, appellant makes the further contention that there was insufficient evidence to support them. In regard to this issue, Civil Rule 52(a) provides in part that:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

Early precedent of this court established the criterion that findings of fact of the trial court will be set aside only when "the entire evidence convinces the reviewing court * * * that a mistake has been committed."[5] More recently we said:

> Findings of fact in a judge-tried case are not to be lightly disturbed. The reason is that the trial judge, who has seen and heard the testimony, is in a better position to judge the credibility of witnesses and the weight to be attached to their testimony than an appellate court reviewing a printed record. That is why we have held in a number of instances

that clear error is not shown unless we are left with the definite and firm conviction on the entire record that a trial judge's finding of fact was a mistake.[6]

Here study of the entire record does not leave us with a "definite and firm conviction" that the trial court's findings as to the value of, and damage to, appellant's electrical equipment were mistaken. The evidence was conflicting regarding these questions. The testimony ranged between the extremes of worthless junk to approximately $17,000 in damages for appellees' conversion of a portion of the electrical equipment.[7] In resolving these conflicts, it appears that the trial court was influenced by the fact that appellant had initially purchased all of this equipment for the sum of $102, and that only a portion of the equipment originally purchased was converted by appellees; that appellant had never insured this equipment during the time it was stored in appellees' garage; that for city of Anchorage tax purposes appellant listed the equipment as having a total value of $102; and that appellant made no check as to the condition of this equipment subsequent to the March 1964 earthquake, and prior thereto had only looked at this equipment three or four times while it was in storage at the premises of appellees.[8] Additionally, appellees pre-

4. In the superior court's findings of fact it was in part stated that the "Oral opinion handed down herein on June 22, 1967, is hereby expressly incorporated in these findings of fact as if set out in full herein."

5. Link v. Patrick, 367 P.2d 157, 159 (Alaska 1961). In exercising our review jurisdiction we said in First Nat'l Bank v. Dual, 392 P.2d 463, 465 (Alaska 1964) (footnote omitted) that:
    Although this court may have viewed the facts differently had it been the initial trier thereof, that circumstance does not alone entitle it to reverse the trial court's finding.

6. Fairbanks Publishing Co. v. Pitka, 445 P.2d 685, 687, 688 (Alaska 1968) (footnotes omitted).

7. We have previously held that a trial court's finding when made on conflicting

evidence will not be set aside unless it is shown to have been clearly erroneous. Palfy v. Hepp, 448 P.2d 310 (Alaska 1968); Nordin v. Zimmer, 373 P.2d 738, 742 (Alaska 1962).

8. Appellant advances an ancillary argument here in regard to these value and damage issues. Appellant contends the trial court erred by not applying the "value to the owner theory" of evaluation. In support of this contention, appellant cites Palin v. General Constr. Co., 47 Wash.2d 246, 287 P.2d 325, 329 (1955), and Employers' Fire Ins. Co. v. United Parcel Serv., 89 Ohio App. 447, 99 N.E.2d 794, 796–797 (Ct.App.Ohio 1950). In the *Palin* case the court held that although there was no market value for the used oil of plaintiff's which had been destroyed, it had a value to the plaintiff which the court would try to ascertain. The court then looked to the acquisition cost of the oil as an indicia

sented evidence that at the times in question appellant's electrical equipment had deteriorated, was rusted and corroded, and had been knocked apart and severely damaged by the March 1964 earthquake. On the basis of the foregoing, we hold that the trial court's findings of fact were sufficiently informative under the *Beaulieu* criterion and were not clearly erroneous.

In the judgment which was entered below, the superior court awarded appellees $700 for rental owed by appellant for the storage of his electrical equipment in appellees' garage. In addition, appellant was ordered to remove his equipment from appellees' property on or before August 1, 1967. Appellant contends that the trial court erred in its award to appellees of back rental, and its requiring appellant to move his equipment because the only responsive pleading filed by the appellees was a general denial which did not raise these issues.

Civil Rule 15(b) is pertinent in regard to resolution of this issue. This rule provides in part that:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not. affect the result of the trial of these issues.

In our opinion Civil Rule 15(b) is controlling. Examination of the record reflects the issues now questioned were tried by the implied consent of the parties. What we said in Harris v. Deveau[9] is apposite here:

> The defendant next contends that it was error for the trial court to award damages to the plaintiff for injury to the borrowed radar set since the issue of negligence was neither pleaded nor tried below. The defendant acknowledges the provisions of Civ.R. 15(b) that, when issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings and that failure to amend the pleadings to conform to the evidence does not affect the result of the trial of such issues. Furthermore, he admits that the radar equipment was damaged while in his possession by salt water pouring through the pilothouse window which was broken out by heavy seas. Nevertheless, he insists that the issue of negligence on his part was never raised in the court below.
>
> There is no doubt in our minds that both parties recognized the negligence issue involved in this case and that they treated it as an issue to be determined in the trial. At no time did the defendant object to testimony concerning the damage to the borrowed indicator and the demand made by the plaintiff upon the defendant that he make good the damages. In fact, the defendant himself disclaimed any fault on his part by asserting that the borrowed indicator was damaged through an act of God. We find that the negligence issue, though not pleaded, was tried by implied consent of the parties, and, therefore, the court did not err in treating it as an issue to be determined in the case.

■ As in *Harris* we find that the issues of accrued rentals, and whether or not

---

of value. In the *Employers' Fire Ins. Co.* case the court looked to evidence of cost, wear, condition at time of loss, and replacement costs in determining the value of clothing which had no market value.

From our study of the trial court's oral decision and findings of fact, it would appear that the trial court adopted an approach similar to that urged by appellant.

9. 385 P.2d 283, 285, 286 (Alaska 1963).

appellant had permission to store his equipment in appellees' garage, whether appellees had requested and appellant refused to remove his equipment from appellees' premises, although not raised by the pleadings, were tried by the implied consent of the parties, and, therefore, the trial court did not err in treating them as issues to be determined in the case.[10]

The last remaining issue in the case at bar concerns a portion of the judgment against appellant wherein the trial court included the sum of $22. This sum represented the amount of money appellee Pickles had paid to the city of Anchorage for hauling a portion of appellant's equipment to the city dump. At trial all evidence pertaining to this issue, which had not been raised by the pleadings, was specifically objected to by appellant. We, therefore, conclude that the amount of $22 was erroneously included in the judgment recovered by appellees.

The judgment entered by the superior court is modified in accordance with the foregoing and as modified is affirmed.

---

10. In Gilbert v. Sexton, 401 P.2d 300, 302 (Alaska 1965) (footnote omitted), we said in holding that it was not necessary to plead an affirmative defense if the evidence introduced supported the defense:

> It is true, as appellant points out, that estoppel was not pleaded as an affirmative defense, as required by Civil Rule 8(c), nor was any motion made at the conclusion of the trial to amend the answer to conform to any proof submitted in support of estoppel. These omissions would not be fatal, however, if it were important to sustain the conclusion, since the pleadings could be amended at any time to conform to the proof—even after judgment.