363 P.2d 498

John S. DAVIS, d/b/a Geneva Lumber
Company, a sole proprietorship,
Plaintiff and Respondent,

v.

PAYNE AND DAY, INC., a corporation,
Defendant and Appellant.

No. 9386.

Supreme Court of Utah.

July 10, 1961.

Young, Young & Sorensen, Provo, for appellant.

Ballif & Ballif, Provo, for respondent.

CROCKETT, Justice.

Defendant, Payne and Day, building contractor, appeals from a judgment in the amount of $7,294.61 for building materials it received from plaintiff and used in connection with constructing a group of 61 homes at Provo, Utah. This was the second trial and is the second appeal; a new trial having been ordered by this court upon plaintiff's appeal from a dismissal at

the close of his evidence on the first trial. See 10 Utah 2d 53, 348 P.2d 337.

■ The trial court having found for the plaintiff, we deem its findings upon disputed evidence to be the facts and review the evidence in the light most favorable to the judgment. See statement in Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176.

The material facts are given in the prior opinion and are set out here only to the extent necessary to show the rationale of the conclusion we reach.

The defense relied on was that the parties had a written contract for plaintiff to sell construction materials to the defendant which provided that any additions or deletions to the materials specified therein were to be given in writing by the defendant; and that this was not done as to these materials. However, the evidence is that Mr. C. E. Slavens, construction superintendent for the defendant, in numerous transactions over a period of months, ordered the additional materials in question.

In our former opinion we observed that the plaintiff's evidence, if accepted by the court, would establish that the contracting for materials had been handled generally for the defendant by Mr. Slavens; that he ordered the materials here in question; that they were supplied by the plaintiff; received and used by the defendant; and that Mr. Slavens had also ordered "extras" on other contracts between these parties, for which the defendants had paid, not-withstanding an identical provision in those contracts requiring written authorization from the defendant for deviations in the amount of materials to be furnished. We indicated that if these were found to be the facts the defendant would be obliged to pay for the materials. Upon the second trial the court made findings of fact substantially in accord with those stated above and entered judgment for the plaintiff.

■ As stated in that opinion, what was done need not necessarily be regarded as an attempt to vary or obviate the terms of the written contract. It was clear and unambiguous; therefore, it required no interpretation or explanation. But Mr. Slavens, as the official functioning for the defendants, could and did enter into a separate contract to purchase these additional materials. Under those circumstances, to permit the defendant to accept and use them, then assert the written contract as a means to avoid payment, would be an injustice which the law will not countenance. See Moses v. Archie McFarland & Son, 119 Utah 602, 230 P.2d 571; and 2 C.J.S. Agency § 66.

■ An examination of the defendant's arguments reveals no new issues which were not before us and determined on the prior appeal. Nor is there any claim that the court failed to follow the law as set forth in our opinion wherein we announced that if it believed the facts as contended by the plaintiff he was entitled to recover. The principle of "the law of the case" has

been recognized by this court. See Helper State Bank v. Crus, 95 Utah 320, 81 P.2d 359, and cases therein cited. Where the questions of law and fact are the same the decision on the first appeal becomes the law of the case and is binding upon the parties; upon the trial court; and upon the appellate court. And this is so however disputed or controversial the doctrine of law involved may be.

The above stated rule is applicable to the instant situation.

Affirmed. Costs to plaintiff (respondent).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.