373 P.2d 574

Roe THORLEY, Plaintiff and Respondent,

v.

KOLOB FISH AND GAME CLUB, a corporation, and C. W. Parry, Defendants and Appellants.

No. 9462.

Supreme Court of Utah.

July 9, 1962.

Olsen & Chamberlain, Richfield, for appellants.

Cline, Wilson & Cline, Milford, for respondent.

McDONOUGH, Justice.

The plaintiff Thorley was employed by one Broze Bulloch for the purpose of doing work on a recreational area Bulloch and the defendant Parry were developing. The area, known as Cedar Mountain, was leased by Bulloch and Parry individually on October 15, 1958, from one Caroline N. Bulloch for the purpose of developing a private recreation area or fishing and hunting grounds. Both lessees retained the lease

in their individual names throughout the period of the plaintiff's services, and did not assign the lease to the defendant non-profit corporation, Kolob Fish and Game Club until April 15, 1959, even though the corporation had been organized since July 1958, for the express purpose of operating the area.

The evidence is conflicting, but viewed most favorable to the plaintiff, it appears that plaintiff was hired to use his bull-dozer and carryall to raise and widen an existing dam, remove certain trees, and do work on other contemplated dams. Plain-tiff and Bulloch discussed the price and agreed upon 50 cents per yard for moving an estimated 8400 yards of dirt at a cost of $4200, $560 for removal of the trees, and $12.00 an hour for other work. Plaintiff contends that he was employed by Bulloch and looked to Bulloch and Parry for pay-ment. He knew of the existence of the corporation, but never considered nor was told that it was his employer. Bulloch actively supervised the work of plaintiff while Parry was outside the state selling memberships.

While raising the existing dam plaintiff put earth containing rocks in certain areas. Plaintiff claims Bulloch acquiesced in this and did not object. Later, when the dam began to leak it was believed caused by these rocks, but the lower court found that the plaintiff had not improperly placed the rocks there, and that plaintiff did not guar-antee that the dam would not leak. Plain-tiff did do patch up work on the dam to stop the leak.

Parry did not actively follow the progress of the work, and it appears that he only entered the area at one time to go fishing, at which time he inquired of the plaintiff as to the work. During the course of the job, plaintiff arranged to have his brother assist him with his tractor because defendants and Bulloch were anxious to have the job completed. Prior to the com-pletion of the job, plaintiff was dismissed by Bulloch because Bulloch and Parry ran out of funds.

Following his dismissal, plaintiff present-ed Bulloch and Parry with a statement for $4,716 and the former paid $2,358. Parry agreed to pay in monthly installments of $500 to $600 but failed to make any pay-ments. Later Parry claimed that Thorley should look to the corporation for the $2,-358 and he denied liability because (1) he did not authorize Bullock to represent him in dealing with the plaintiff; (2) Bulloch was only acting as an officer of the Cor-poration; and (3) plaintiff's work was de-fective because the dam leaked. Plaintiff then commenced this action and the lower court, sitting without a jury, found in favor of the plaintiff. Extensive findings of fact and conclusions of law were made that; (1) the plaintiff worked for the

defendant Parry individually; (2) that the plaintiff was not required to have a contractor's license; (3) that the plaintiff was employed on a per yard and hour basis and not a per job basis; and (4) that the plaintiff did not guarantee his work. The defendants moved for a new trial or for leave to reopen, both of which were denied by the court. This appeal was then filed.

The appellants urge four grounds for reversal: (1) the plaintiff cannot recover because he is an unlicensed contractor; (2) the court was arbitrary in denying appellants' motion for a new trial or for leave to reopen; (3) the evidence does not support the trial court's findings; and (4) the defendant Parry cannot be held liable under any circumstance. Each of these contentions will be considered.

Counsel insists that plaintiff cannot recover because he was a contractor and was unlicensed within the provisions of our statute,[1] and that specifically he was a contractor because he hired an employee.[2] This court has not previously construed this statute insofar as we are advised to determine just who is and who is not a contractor, but the test would not be dissimilar to the definition of an independent contractor as defined in our workmen's compensation statute.[3]

An important test to determine whether the relation is that of an independent contractor or that of an employer and employee is the *right of control*.[4] The

1. Utah Code Ann. Sec. 58–23–1 (Supp. 1961) "It shall be unlawful for any person * * * to engage in the business or act in the capacity of contractor within this state without having a license therefor as herein provided * * *."
   Sec. 58–23–3(3) Definitions—"Contractor: Any person * * * who for a fixed sum, price, fee, percentage or other compensation other than wages, undertakes with another for the construction, alteration, repair, addition to or improvement of any building, highway, road, railroad, excavation or other structure, project, development or improvement, other than to personalty * * *."

2. Utah Code Ann. Sec. 58–23–1 (Supp. 1961) further provides: "[T]he employment of any person on a construction project, shall be accepted in any court of the state of Utah as prima facie evidence of engaging in the business or acting in the capacity of a contractor."

3. Utah Code Ann. Sec. 35–1–42 (1953): "The term 'independent contractor,' as herein used, is defined to be any person * * * engaged in the performance of any work for another, who, while so engaged, is *independent* of the employer in all that pertains to the execution of the work, *is not subject to the rule or control* of the employer, is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer in effecting a result in accordance with the employer's design." (Emphasis added.)

4. Riskin v. Industrial Acc. Comm'n., 23 Cal.2d 248, 144 P.2d 16 (1943); S. A. Gerrard Co. v. Industrial Acc. Comm'n., 17 Cal.2d 411, 110 P.2d 377 (1941); Charles R. McCormick Lumber Co. v. O'Brien, 90 Cal.App. 776, 266 P. 594 (1928); Utah Fire Clay Co. v. Industrial Comm'n., 86 Utah 1, 40 P.2d 183 (1935); Stricker v. Industrial Comm'n., 55 Utah 603, 188 P. 849, 19 A.L.R. 1159 (1920).

right to end the service whenever the party sees fit is also an important test.[5]

■ The evidence discloses that Thorley was under the control of Bulloch who actively directed the work and that Thorley acquiesced in the directions as to what work should be done. The testimony also discloses that Thorley's employment was terminated short of the completion of the job at Bulloch's order, because Bulloch and Parry ran out of funds. All of this testimony shows that Thorley was an employee. Appellants also contend that the job was a contract for a "lump sum" and hence within the definition of a contractor under our statute.[6] A close reading of the evidence indicates that the "lump sum" consisted of a total cost for the various projects computed on a per hour or per yard basis, which indicates that the job was not a lump or fixed sum contract. Reading the record as a whole, and taking into consideration the fact that Thorley did have his brother assist him because his employers wanted the job done speedily, it appears that there is sufficient evidence to sustain the lower court's findings that Thorley was not a contractor within the dictates of our statute, and hence his failure to have a license does not prohibit the enforcement of his contract.

■ Insofar as the denial of appellants' motion for a new trial or for leave to reopen is concerned, we are not persuaded that the court abused its discretion in denying the motion. The main ground for the motion was newly discovered evidence which consisted of testimony of an engineer who has by affidavit stated that the plaintiff could not be credited with placing 8,400 cubic yards of material in the dam since there was only 3,500 cubic yards moved; and therefore, the plaintiff must have been paid on a lump sum figure basis, and not on a cost per yard basis. This testimony has the tendency of impeaching the plaintiff and there is no reason shown why appellant did not produce such evidence at the trial. This motion was properly denied by the lower court because the appellants did not comply with Rule 59 (c) in filing the affidavit timely. (The affidavit was filed 43 days after the entry of judgment). We do not ordinarily disturb the ruling of the trial court in denying a motion for a new trial unless there has been abuse on the part of the trial judge, which is not present here.[7]

---

5. Riskin v. Industrial Acc. Comm'n., supra note 4; Chapman v. Edwards, 133 Cal. App. 72, 24 P.2d 211.
6. Note 1 supra.

7. Moser v. Zion's Co-Op. Merc. Inst., 114 Utah 58, 197 P.2d 136 (1948); Trimble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674 (1943); Klopenstine v. Hays, 20 Utah 45, 57 P. 712 (1899).

Appellants' contention that the evidence does not support the findings is unfounded. There is substantial evidence for the plaintiff, and therefore, under the well-known appellate rules, we cannot disturb the findings.[8]

That defendant Parry cannot be liable because he did not deal personally with the plaintiff and Bulloch was not his agent but only an agent of the corporation is not sustainable. The evidence discloses that Parry and Bulloch were engaged in a joint venture and that they were the individual lessees of the land. Their failure to transfer their interest in the lease to the corporation before the plaintiff performed his services only confirms the lower court's holding that he was individually liable. Under cross-examination, Parry was asked why he didn't take the lease in the name of the corporation. He answered, "I just don't think it occurred to us." There is no evidence that plaintiff was ever advised that he should look to the defendant Kolob Fish and Game Club for payment, or that he was employed by the corporation; therefore, we must affirm on this point.

Affirmed. Costs to plaintiff.

WADE, C. J., and HENRIOD, CALLISTER, and CROCKETT, JJ., concur.

8. Lowe v. Rosenlof, 12 Utah 2d 190, 364 P. 2d 418 (1961); Davis v. Payne & Day Inc., 12 Utah 2d 107, 363 P.2d 498 (1961); Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).