448 P.2d 724 (1968)
22 Utah 2d 70
PRUDENTIAL FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff and Respondent,
v.
The ST. PAUL INSURANCE COMPANIES, Defendant,
v.
FIRST AMERICAN TITLE INSURANCE AND TRUST COMPANY, Defendant and Appellant.
No. 11245.
Supreme Court of Utah.
December 18, 1968.
*725 Delbert M. Draper, Jr., of Draper, Sandack & Saperstein, Salt Lake City, for defendant and appellant.
Joseph J. Palmer, Harry Pugsley, of Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, for plaintiff and respondent.
HENRIOD, Justice:
Appeal from a judgment of the trial court that affirmed our own decision in Prudential Fed. Sav. & Loan Ass'n v. St. Paul, 20 Utah 2d 95, 433 P.2d 602 (1967). Affirmed. No costs awarded.
This appeal is not from a new case, but involves an alleged interpretation of what precisely we decided in our previous decision, which seems to revolve about the reversal and remanding of the case with the interdiction "consonant with this opinion."
The dissenting opinions had to do with the merits of the case. Neither complained about whether the point with respect to "exclusionary" clauses had or had not been decided. They represented an honest difference of opinion as to the trial court's conclusion on the merits, but not as to any failure of this court to decide all the questions presented,  all of which were presented before the present appeal,  and all of which were decided in the case in chief.
It seems inescapable to conclude other than that, although we disagreed on the issues, we did not disagree on the question as to whether the case was decided in toto or piecemeal. In this atmosphere, the previous decision stands, the majority opinion stands, and the dissenting opinions stand.
We believe that the present so-called appeal is abortive and is more in the nature of a belated petition for rehearing, after a previous appeal and petition for rehearing, in both of which events the problems involved here were canvassed and resolved. We believe and hold that the rules are not sufficiently malleable to depart from any other conclusion.
CALLISTER, J., concur.
CROCKETT, Chief Justice (concurring specially).
I concur in the result because it appears to me: (1) That the judgment of the district court now appealed from is in conformity with the prior decision in this case (citation in main opinion); (2) By that decision a majority of this court settled the question as to the liability of First American Title Insurance And Trust Company. Although I dissented, that decision is now "the law of the case" which cannot properly be re-examined. See Helper State Bank v. Crus, 95 Utah 320, 81 P.2d 359; Davis v. Payne & Day, Inc., 12 Utah 2d 107, 363 P.2d 498. However, I desire to observe that I do not depart from, but reaffirm my view therein expressed: that where there are two insurance coverages, either of which would cover the loss in the absence of the other, and where both have the "other insurance" exclusion, neither should be permitted to shift the liability for the loss entirely to the other. In such circumstances, and in the absence of other *726 controlling factors, in my opinion the equitable and just solution would be that they share in covering the loss.
TUCKETT, Justice (dissenting).
I adhere to the views expressed in my earlier dissent.
FAUX, District Judge (dissenting).
I dissent from the main opinion in this case and do not intend to go into a lengthy statement of my reasons for doing so. It is my opinion, however, that all of the points of law involved in the so-called first appeal were not explored nor considered and that there was error in the actual basis upon which that decision was grounded, that a mortgage not supported by consideration can nevertheless create a lien upon the land and that a false lien so created can amount to an insurable interest so that a policy of title insurance issued in connection therewith will be enforced against the insurer. No one, I think, will vouch for the integrity of either contract involved here, mortgage or title insurance policy, with the elements lacking as I have set out above.
Nor can I agree with the application of the concurring opinion of Chief Justice Crockett to this case. With no basis in law that would support and give enforceability to the title insurance contract there can be no valid contention that such a contract constituted primary coverage for the embezzlement by Rowley of Prudential's money. Without a basis for primary protection in the title policy there can be no strength in St. Paul's position that its fidelity bond amounts only to secondary coverage. Shielded by such a defense a surety company cannot even claim a moral justification, though protected by a legal decision. Accordingly, there is no reason for intimating that the loss be distributed between two insurers, without evaluating the contents of their contracts, simply because they are both defendants in the lawsuit.
If the disposition of the pending appeal is pursuant to the rule "law of the case" I would venture to suggest that this court has not yet adopted the plaster cast rule that "right or wrong the first decision stands" even though the words "right or wrong" do appear in the case, Helper State Bank v. Crus, 95 Utah 320, 81 P.2d 359.
Our neighboring state has ruled that ambiguity in a previous opinion will not permit the rule of law of the case to control, In re Monoghan's Estate, 70 Ariz. 349, 220 P.2d 726. In this "first appeal" the opinion read:
Plaintiff's contention that its loss resulted from the embezzled funds is without merit since it was never intended that Prudential should have the funds, but any such loss would be borne by the Parkers * * *.
Prudential already had the funds which were lifted from their normal course by the faithless servant Rowley and dropped into his own pocket, thus diverting the transaction from the usual course of business. One is confused by the foregoing quote as to what the basis was for the court's decision.
I truly think that this court in this case would do well to adopt the view of Judge Learned Hand,
Besides, whatever may be said of earlier decisions, it is now well settled that the "law of the case" does not rigidly bind a court to its former decisions, but is only addressed to its good sense. [Higgins, et al., v. California Prune and Apricot Growers, Inc., 3 F.2d 896, 898 (2 Cir.1924).]
ELLETT, J., being disqualified, does not participate herein.