**CENTURIAN CORPORATION, Plaintiff,**

v.

**A.L. CRIPPS and Walter Cripps, Defendants.**

**PETTY MOTOR LEASE, INC., v. Plaintiff in intervention and Respondent,**

v.

**CENTURIAN CORPORATION, Richard Nickles and Margaret K. Nickles, Defendants in Intervention and Appellants.**

No. 18798.

Supreme Court of Utah.

Sept. 28, 1984.

---

James R. Brown, Salt Lake City, for plaintiff.

Bryce K. Bryner, Price, for A. L. Cripps and Walter Cripps.

Wayne G. Petty and Jane F. Harrison of Moyle & Draper, P.C., Salt Lake City, for Petty Motor Lease Inc.

HOWE, Justice:

This case is before us for the third time. Centurian Corporation obtained a tank trailer from Petty Motor Lease, Inc., and transferred it to Cripps. The trailer was stolen and each party sued down the line for recovery. In *Centurian Corp. v. Cripps*, Utah, 624 P.2d 706 (1981), we held that the "lease" between Petty Motor and Centurian (which was little more than a financing arrangement), as well as the contract to purchase the trailer at the end of the lease, shifted the risk of loss to Centurian. As such, we affirmed the trial court's award of a judgment to Petty Motor for the value of the trailer, although we remanded the case to alter the amount of the judgment.

Richard Nickles and Margaret K. Nickles were president and secretary, respectively, of Centurian Corp. Both of them signed the lease in their corporate capacities and both individually guaranteed it. However, only Richard, in his corporate capacity, signed the contract to purchase, and only he signed as an individual guarantor. Judgment was rendered against Centurian and both Nickles.

■ Centurian now contends that Margaret Nickles was not personally liable for the loss of the trailer because she was not a guarantor of hte contract to purchase. Centurian argues that our previous decision held that both the "lease" and the contract to purchase were necessary to constitute a purchase and sale agreement. However, Centurian misreads our opinion. We recognized three tests to determine whether a transaction is a lease or is a sale with a reservation of a security interest in the vendor: (1) if the lease payments are clearly designed to establish an ownership interest in the lessee, (2) if the lessee treats the payments as building up equity in the property, and (3) if the lessee is constrained to become the owner of the property at the termination of the lease, either by contractual agreement or as a matter of economic compulsion. We held:

> Under any or all of the foregoing tests, the trial court was justified in ruling that the agreement between Petty Motor and Centurian was, in fact, a purchase and sale agreement *ab initio*.... The transaction thus became, from the outset, a sale to Centurian with a reserved security interest in the tank trailer held by Petty Motor.

■ Thus "the law of the case" of our prior opinion was that the "lease" was in reality a purchase and sale agreement. It therefore follows that Margaret K. Nickles,

as a guarantor, was liable for the loss of the trailer. See *Prudential Federal Savings & Loan Association v. St. Paul Insurance Cos.*, 22 Utah 2d 70, 448 P.2d 724 (1968) (Crockett, C.J., concurring specially), and *Davis v. Payne and Day, Inc.*, 12 Utah 2d 107, 363 P.2d 498 (1961) on "law of the case."

The judgment below is affirmed and the case is remanded to determine a reasonable amount of attorney fees which Petty Motor is entitled to under its agreement for responding to this appeal. Costs on appeal are awarded to Petty Motor.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.