Boyd **CORBETT** and Keith Gurr, individuals, and Utah Ranchlands, a partnership, Plaintiffs and Appellants,

v.

Lee A. **FITZGERALD** and Helen Fitzgerald, his wife, Perry G. Fitzgerald and Carolyn S. Fitzgerald, his wife, et al., Defendants and Respondents.

No. 19225.

Supreme Court of Utah.

Nov. 1, 1985.

Byron L. Stubbs, Salt Lake City, for plaintiffs and appellants.

M. Dayle Jeffs, Provo, Robert B. Hansen, Michael J. Mazuran, David B. Boyce and Milton A. Oman, Jon C. Heaton and Gordon Strachan, Allen M. Swan, K. Thomas Bowen, Salt Lake City, for defendants and respondents.

TIMOTHY R. HANSON, District Judge:

This case, which is before the Court a second time, involves various real estate transactions among the parties regarding property located in Cedar Valley, Utah. The first appeal was from the original judgment entered by the trial court following a trial where both plaintiffs' and defendants' reciprocal claims were considered. The parties' status as appellants or respondents does not change in this subsequent appeal. The first appeal was taken by plaintiffs Corbett, Gurr, and Utah Ranchlands from judgments entered by the trial court on May 17, 1982, and June 29, 1982. Plaintiffs appealed from judgments for both defendants Lee A. Fitzgerald and Helen Fitzgerald (hereinafter "defendants I") and defendants Perry G. Fitzgerald and Carolyn S. Fitzgerald (hereinafter "defendants II"). Both appeals were dismissed with prejudice by the Court on November 1, 1982. *Corbett v. Fitzgerald*, Utah, No. 18529, *appeal dismissed* (Nov. 1, 1982); *Corbett v. Fitzgerald*, Utah, No. 18594, *appeal dismissed* Nov. 1, 1982).

Subsequent to this Court's dismissal of the original appeals, defendants II brought before the trial court a motion seeking an order requiring plaintiffs to appear and show cause why the original judgment between plaintiffs and defendants II should not be amended and corrected. The nature of the requested amendment and correction was to enter an award of money damages to defendants II against plaintiffs rather than the original order and judgment of reconveyance that had been entered by the trial court in its May 17, 1982 judgment. The basis for the motion for an order to show cause was that the real property could not be reconveyed inasmuch as plaintiffs had disposed of the property to third parties. An order to show cause was issued, and several hearings were held by the trial court. Following the hearings, the trial court found that plaintiffs could not reconvey, and after receiving testimony regarding the value of the properties, the trial court entered a money judgment in lieu of its original judgment of reconveyance in favor of defendants II and against plaintiffs.

In addition to the foregoing, the trial court at the conclusion of the hearings entered certain orders clarifying the basis for its earlier June 29, 1982 judgment as to

defendants I, but did not disturb the original judgment.

■ In the present appeal, plaintiffs seek to resurrect the issues that were raised in the first appeal. The assignments of error in plaintiffs' brief are directed toward the original judgments, the same judgments from which plaintiffs appealed in *Corbett v. Fitzgerald*, Nos. 18529 and 18594, *supra*. This Court declines now to consider those original appeal issues, inasmuch as those issues and their appeals were dismissed with prejudice. The order to show cause hearings held subsequent to plaintiffs' original appeals to this Court do not provide an occasion for plaintiffs to now appeal the results of those hearings and include in the instant appeal those issues that were raised and dismissed in the original appeals. The express ruling by this Court on all issues raised by the prior appeals is binding upon the parties, the trial court, and this Court. *C & J Industries, Inc. v. Bailey*, Utah, 669 P.2d 855, 856 (1983). Plaintiffs' claims of error as to the original judgments were dismissed by this Court with prejudice. That dismissal constitutes an affirmance of the original judgments, and they are not subject to further attack in a subsequent appeal.[1]

The only question properly before this Court now is whether the actions of the trial court following the order to show cause hearings, specifically the trial court's order and judgment of April 19, 1983, were appropriate. Those actions and the amendment of the original judgment only deal with plaintiffs and defendants II. Plaintiffs accepted the sum of $4,709.96 from defendants I and released their judgment against them. That judgment is therefore not reviewable on appeal. *See Ottenheimer v. Mountain States Supply Co.*, 56 Utah 190, 193–94, 188 P. 1117, 1118 (1920).

We direct our attention to the nature of the trial court's order of April 19, 1983, and whether the amendment of the original judgment to allow an award of money damages against plaintiffs was proper under the circumstances. We treat the order as one issued in response to a motion brought under Rule 60(b)(7) of the Utah Rules of Civil Procedure. This Court will reverse the trial court's ruling only when there has been an abuse of discretion. *See Larsen v. Collina*, Utah, 684 P.2d 52, 54 (1984).

■ Plaintiffs' brief on appeal contains no claim of error as to the trial court's actions at the order to show cause hearings. This Court's independent review reveals no error by the trial court. The original judgment ordered reconveyance of the real properties at issue. Since those real properties had been disposed of by plaintiffs to third parties, making it impossible for plaintiffs to comply, an amendment of the original judgment in favor of defendants II allowing money damages, rather than reconveyance, was appropriate. The basis utilized by the trial court in determining an appropriate money damages award is supported by the evidence and was well within his discretion.

To the extent that the issues are properly before us, the trial court's order is affirmed.

HALL, C.J., and DURHAM, STEWART and ZIMMERMAN, JJ., concur.

HOWE, J., having disqualified himself, does not participate herein; TIMOTHY R. HANSON, District Judge, sat.

---

1. Rule 76(c) of the Utah Rules of Civil Procedure (repealed), in effect during these appeals, reads as follows:

   Effect of dismissal of an appeal. The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal.

*See generally Prudential Federal Sav. & Loan Ass'n v. St. Paul Ins. Cos.*, 22 Utah 2d 70, 448 P.2d 724 (1968); *Gammon v. Federated Milk Producers Ass'n*, 14 Utah 2d 291, 383 P.2d 402 (1963); *Davis v. Payne & Day, Inc.*, 12 Utah 2d 107, 363 P.2d 498 (1961); *Helper State Bank v. Crus*, 95 Utah 320, 81 P.2d 359 (1938).