PER CURIAM.
The appellants, defendants in the trial court, by these consolidated interlocutory appeals seek reversal of two orders of the trial court; one of the orders struck defendants’ pleading, entered default against them and set the cause for trial on damages. The other order appealed denied defendants’ motion for rehearing.
The cause was an issue on the complaint and answer and counterclaim. It was duly set for trial on the non-jury calendar. Counsel for defendants orally moved the court for a continuance about three days before trial, stating to the court that his clients who lived in New York were ill and unable to travel to Miami for the trial as scheduled. The court indicated to counsel that the continuance would be granted if counsel would furnish the court with an affidavit from a doctor verifying their illness and inability to be present at trial. Such affidavit was not furnished within the time specified by the court. Whereupon the trial judge ordered the pleadings of the defendants stricken and entered a judgment as to liability against the defendants.
The appellants contend that the ■ court erred in entering such order and in denying their motion for a rehearing. We agree and reverse.
We know of no statute or rule of court authorizing or empowering a trial court to strike a defendant’s answer for failure to appear at a trial of this nature under such circumstances.
The case could have properly proceeded to trial as scheduled. If plaintiffs had elected to prove up their case and the defendants had failed to offer evidence or reasons sufficient to defeat plaintiffs’ right to recover then plaintiffs would have been entitled to their judgment. Ortiz v. Nicolaides, Fla.App. 1967, 196 So.2d 186; Byron Holding Corp. v. Cohen, Fla.App.1973, 284 So.2d 412.
The orders appealed are reversed and the cause remanded for trial.
Reversed and remanded.