Argued and submitted March 13, affirmed May 22, 1991

In the Matter of the Compensation of
Rami M. Shureh, Claimant.

Rami M. SHUREH,
*Petitioner,*

*v.*

UNITED PARCEL SERVICE
and Liberty Northwest Insurance Corp.,
*Respondents.*

(89-00381; CA A66071)

812 P2d 16

Gerald C. Doblie, Portland, argued the cause for petitioner. With him on the brief was Doblie & Associates, Portland.

Deborah L. Sather, Portland, argued the cause for respondents. With her on the brief was Cooney, Moscato & Crew, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that employer acted reasonably and had authority to suspend claimant's benefits for failing to attend a scheduled independent medical examination (IME).

The facts found by the Board are supported by substantial evidence. Claimant suffered a compensable injury when he fell from a trailer. He was treated initially for a low back problem. Because of dizziness and related symptoms thought to be related to his industrial accident, evaluation of that condition was undertaken. His treating physician recommended that he undergo an IME by a physician in Seattle.

At that time ORS 656.325(1)(a) provided:

"Any worker entitled to receive compensation under ORS 656.001 to 656.794 is required, if requested by the director, the insurer, or self-insured employer, to submit to a medical examination at a time and place and from time to time at a place reasonably convenient for the worker and as may be provided by the rules of the director. However, no more than three examinations may be requested except after notification to and authorization by the director. If the worker refuses to submit to any such examination, or obstructs the same, the rights of the worker to compensation shall be suspended with the consent of the director until the examination has taken place, and no compensation shall be payable during or for account of such period."

Claimant contends that he was not obligated to attend the IME, because it would have been his fourth one.

■ On April 8, 1987, at employer's request, claimant saw two doctors, Dr. Hodgson, an otolaryngologist, and Dr. Ferguson, an orthopedist. The Board found that

"[t]he purpose of the examination was to provide an independent medical assessment of claimant's ear condition and back condition. Because of the medical complexity of the conditions to be examined, a panel, consisting of two appropriate medical specialities, conducted the examination. Additionally, due to the need to utilize special equipment, the inner ear examination was held in Dr. Hogsdon's office. Although the two examinations were conducted in different locations and at different times, they were held on the same day, in sequential chronological order, for the same claim,

and carried out under the auspices of the Western Medical Consultants. Under these facts, we find there was one multi-discipline independent medical examination conducted on April 8, 1987."

Substantial evidence supports the Board's finding that the examination by two specialists in different fields of medicine under the auspices of Western Medical Consultants was one IME for purposes of ORS 656.325(1)(a). Claimant does not contest the Board's determination that he had had only one other IME before the Seattle IME. Accordingly, the Seattle examination would have been his third IME, and claimant was obligated to attend it, unless it was unreasonable to require him to go to Seattle.

■ Claimant's treating physician recommended to employer that it obtain an analysis of claimant's inner ear condition from one of four qualified specialists, all of whom resided outside Oregon; the Seattle doctor was the closest. Substantial evidence supports the Board's findings that it was reasonable for employer to request that claimant attend the IME in Seattle and that claimant did not have a valid reason for not attending it.

■ Claimant argues, nevertheless, that employer acted unreasonably in requesting the suspension of benefits after he had requested a hearing on the issue of whether he should be required to attend the out-of-state IME. Although claimant was entitled to request a hearing on that issue, his doing so did not prevent employer from seeking a remedy under the procedures provided by ORS 656.325(1)(a).

Affirmed.