642 So.2d 594 (1994)
Michael DOMINIQUE, Celienne Dominique and Elizee Dominique, Petitioner,
v.
YELLOW FREIGHT SYSTEM, INC., and William D. Bowman, Respondents.
No. 94-1894.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
Rehearing and Rehearing Denied October 6, 1994.
*595 Terry N. Freeman of Freeman & Ross, P.A., West Palm Beach, for petitioner.
Charles H. Damsel, Jr. of Damsel & Gelson, P.A., West Palm Beach, for respondents.
Rehearing and Rehearing En Banc Denied October 6, 1994.
KLEIN, Judge.
Plaintiffs in a personal injury case have filed a petition for writ of certiorari from an order compelling them to submit to physical examinations, arguing that the defendants failed to show good cause. We conclude that the complaint in a personal injury case, in and of itself, establishes good cause.
The plaintiffs filed a complaint alleging that they suffered personal injuries as a result of an automobile accident caused by the defendants. Defendants served notices for the plaintiffs to appear for independent medical examinations, and plaintiffs filed objections on the grounds that defendants had failed to show "good cause" under Fla. R.Civ.P. 1.360. The trial court denied plaintiffs' objections and they seek review.
Rule 1.360 provides in pertinent part:
(a) Request; Scope.
(1) A party may request any other party to submit to ... examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.
(A) When the physical condition of a party ... under subdivision (a)(1) is in controversy, the request may be served on the plaintiff without leave of court after commencement of the action... . The response shall state that the examination will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.
* * * * * *
(2) An examination under this rule is authorized only when the party submitting the request has good cause for the examination. At any hearing the party submitting the request shall have the burden of showing good cause.
The Committee Notes to Rule 1.360 state, "The good cause requirement under this rule has been retained so that the requirements of Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), have not been affected."
In Schlagenhauf the Supreme Court, in construing the federal rule on examinations, stated that while good cause is generally not shown by mere conclusions:
[T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. (citation omitted).
379 U.S. at 118, 85 S.Ct. at 243.
The cases on which plaintiffs rely are all distinguishable, because they did not involve a plaintiff seeking to recover for personal injuries in a negligence case. See e.g., Williams v. Williams, 550 So.2d 166 (Fla. 2d DCA 1989) (mental examination of the husband in a dissolution of marriage case); Fruh v. State, Department of Health And Rehabilitative Services, 430 So.2d 581 (Fla. 5th DCA *596 1983) (mental examination of a father in a dependency action); and Gasparino v. Murphy, 352 So.2d 933, 935 (Fla. 2d DCA 1977) (psychiatric exam of a defendant police officer in a wrongful death case).
Plaintiffs' objection filed in the trial court claimed that good cause was not shown because the defendants could depose plaintiffs' medical experts and defendants' experts could then review plaintiffs' medical records. A similar argument was rejected by the first district in Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952, 953 (Fla. 1st DCA 1991), in which the court observed that if the plaintiff were correct it would practically eliminate physical examinations in personal injury cases.
Since federal decisions interpreting federal rules which are similar to Florida's rules are persuasive[1], we adopt the rationale of the Supreme Court in Schlagenhauf and hold that the complaint itself is sufficient to establish good cause for a physical examination of a plaintiff seeking to recover for personal injuries.
Certiorari denied.
ANSTEAD and POLEN, JJ., concur.
NOTES
[1] See Sheradsky v. Basadre, 452 So.2d 599 (Fla. 3d DCA 1984), rev. denied sub nom. Commercial Laundries, Inc. v. Basadre, 461 So.2d 113 (Fla. 1985).