644 So.2d 111 (1994)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Petitioner,
v.
Alicia SHEPARD, Respondent.
No. 93-02283.
District Court of Appeal of Florida, Second District.
September 30, 1994.
Jeffrey D. Troy of Troy and Yeslow, P.A., Fort Myers, for petitioner.
Sharon M. Hanlon of Vega, Brown, Stanley, Martin & Zelman, P.A., Naples, for respondent.
PER CURIAM.
State Farm Mutual Automobile Insurance Company (State Farm) petitions this court for issuance of a writ of certiorari quashing that portion of two nonfinal orders requiring State Farm to use Dr. Ertag as its expert witness to conduct an independent medical examination of Alicia Shepard. We grant the petition because the circuit court departed from the essential requirements of law in not permitting State Farm to choose which expert in Collier County would conduct the examination.
Alicia Shepard filed suit against State Farm for uninsured motorist coverage alleging that she sustained injuries as a result of a motor vehicle accident with an uninsured motorist. State Farm filed a request for an independent medical examination pursuant to Florida Rule of Civil Procedure 1.360 requesting that Ms. Shepard submit to examination by a physician located in Lee County.
Ms. Shepard objected to traveling from Collier County where she resides to Lee County. She alleged that her physicians advised her against traveling for long periods of time. At the hearing on Ms. Shepard's objection, State Farm argued that the qualified physicians available in Collier County were either unavailable or plaintiff oriented. The trial judge entered an order, which was later amended, ordering State Farm to use as its expert Dr. William Ertag located in Collier County if it desired Ms. Shepard to submit to an independent examination.
State Farm does not now challenge the trial court's order requiring the examination to take place in Collier County. It simply argues that it should have been permitted to choose which expert. Whether to permit a defendant's requested examination under Rule 1.360 is a matter of discretion. See Toucet v. Big Bend Moving & Storage, 581 So.2d 952 (Fla. 1st DCA 1991). Further, Rule 1.360(a)(3) permits a trial court to establish protective rules for compulsory examinations. Id. Thus, a defendant does not *112 have an absolute right to select an expert to perform an examination requested pursuant to Rule 1.360. See Looney v. National Railroad Passenger Corp., 142 F.R.D. 264 (D.Mass. 1992).
Here, Ms. Shepard's sole objection to the requested examination was the location. Under the circumstances of this case, the trial court properly ordered that the examination take place in Collier County. See Youngblood v. Michaud, 593 So.2d 568 (Fla. 4th DCA 1992). Having ruled in Ms. Shepard's favor on that point, it was an abuse of discretion under the facts of this case not to allow State Farm to select which expert in Collier County would conduct the examination. Accordingly, we quash those portions of the trial court orders requiring State Farm to use Dr. Ertag as its expert.
Petition for writ of certiorari granted.
RYDER, A.C.J., and CAMPBELL and PATTERSON, JJ., concur.