685 So.2d 979 (1997)
Dean F. TSUTRAS and Maria Tsutras, Appellants,
v.
Chris DUHE and Alamo Rent-A-Car, Inc., etc., Appellees.
No. 95-3168.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
*980 Linda Schwichtenberg of Law Office of Nolan Carter, Orlando, for Appellants.
Clement L. Hyland and Lori A.W. Smith of Zimmerman, Shuffield, Kiser & Sutcliff, P.A., Orlando, for Appellees.
HARRIS, Judge.
The issue in this case, not yet decided by a Florida court, is whether a nonresident plaintiff must submit to an independent medical examination in Florida. Although at the time of the accident and at the time of the filing of this action, the Tsutrases were residents of Florida and later moved to Virginia, the locale of the plaintiffs' residence played no part in the accident itself. The accident would have occurred as it occurred and the action would have been filed as it was filed even if the Tsutrases had been nonresidents visiting in Florida when Mr. Duhe, driving a vehicle owned by Alamo Rent-A-Car, collided with Mr. Tsutras' vehicle. To say that the Tsutrases must give up a right (the same right as any other nonresident in so far as the location of an IME is concerned) because they moved from Florida after the accident is, in effect, imposing a continuing Florida residence on the Tsutrases merely for the convenience of the alleged tortfeasor. There appears to be no authority for this position.
In this pending personal injury action, Dean Tsutras and Maria Tsutras appeal the trial court's order which compels Mr. Tsutras, now a Virginia resident, to attend at his own expense a physical examination in Orange County, Florida, where the underlying accident occurred and where the current action is pending. If a nonresident plaintiff generally must attend an IME where the action is pending, then so should Appellant in this case. The question then, is where should the IME of a nonresident plaintiff be taken?
Appellees urge that just as a nonresident plaintiff seeking affirmative relief must submit to a deposition in Florida, so must a nonresident plaintiff seeking affirmative relief submit to an independent medical examination or examinations in Florida. While this position presents a pleasing symmetry, its result is as contrived as forcing a square peg into a round hole. Depositions and IMEs are simply not the same. While Florida courts have said that one invoking the jurisdiction of our courts must submit to a deposition here, even this requirement is not without limits. For example, It is a standard requirement that a deposition of a nonresident *981 plaintiff be set "usually a short time before trial." See Les Violins, Inc. v. Alzamora, 541 So.2d 1353 (Fla. 3d DCA 1989). See also, City of Miami Beach v. Wolfe, 83 So.2d 774, 775 (Fla.1955), which upheld an order that required that "the deposition of the plaintiff be taken in the locality of her residence in New York, or that she be examined in Dade County one week before the scheduled trial."
But the rule authorizing medical examinations requires that the examination be set at a "reasonable ... place." Rule 1.360, Fla. R. Civ. Pro. What the courts have held to be reasonable in the context of medical exams is not necessarily the same as for depositions. For example, in Progressive American Insurance Company v. Belcher, 496 So.2d 841 (Fla. 5th DCA 1986), an action involving the right to take a medical examination of one seeking PIP benefits, we construed section 627.736(7)(a), Florida Statutes, as requiring that the examination be taken in the resident city of the claimant or, if an appropriate expert was not available there, then in the area closest to the claimant's residence. This is consistent with authority outside this jurisdiction. In Record v. Elking, 167 N.E.2d 540, 541 (Ohio Com.Pl.1960), the court held:
The Court is of the opinion that the defendant has the right to compel a physical examination of the plaintiff because the injury complained of is the subject matter of the cause of action.
If the defendant desires a medical examination it must be done in the resident county or state of the plaintiff, or any other place where she may be found and by a doctor of defendant's choice. If the examining doctor's testimony is required by the defendant, it may be done so by way of deposition to be used in the trial of the case.
Accordingly, the Court will grant the request of the defendant's counsel for a medical examination but will not require plaintiff to come to Cincinnati, Ohio, for that purpose.
Obviously, the availability of the appropriate medical speciality will influence the extent to which the nonresident plaintiff may be accommodated. In Shureh v. United Parcel Service, 107 Or.App. 276, 812 P.2d 16, 17 (1991), for example. the court stated:
Claimant's treating physician recommended to employer that it obtain an analysis of claimant's inner ear condition from one of four qualified specialists, all of whom resided outside Oregon; the Seattle doctor was the closest. Substantial evidence supports the Board's finding that it was reasonable for employer to request that claimant attend the IME in Seattle and the claimant did not have a valid reason for not attending it.
The order being challenged herein is open-ended. It requires the nonresident plaintiff to appear for one IME in Florida at an unspecified time (apparently to be set at defendant's convenience) and at plaintiff's expense. It further requires that the nonresident plaintiff attend subsequent IMEs in Florida at the expense of defendant. The order does not require that the IME be scheduled at the time Plaintiff is in Florida for the taking of his deposition. One court has found that it was not an abuse of discretion for the trial court to require an IME of a nonresident plaintiff if the exam was to be performed "while she was to be in Memphis for her discovery deposition." Kibbler v. Richards Medical Company, 1992 WL 233027 (Tenn.App.1992). But in our case, the plaintiff has already come to Florida at his expense for his deposition. Defense of a personal injury action should not be based on economic attrition.
We elect to treat this notice of appeal of a non-final order as a petition for writ of certiorari, pursuant to Rule 9.040(c), Fla. R.App. Pro., and grant the petition and quash the order requiring the IME. The trial court may either set an IME at a location which has the appropriate medical specialities and which is convenient to the nonresident plaintiff or, as suggested by plaintiff, as a condition of yet another trip by plaintiff to Florida before trial, require that defense cover all expenses of the trip.
PETITION GRANTED.
*982 DAUKSCH, J., concurs.
GOSHORN, J., dissents, with opinion.
GOSHORN, Judge, dissenting.
Dean and Maria Tsutras filed a law suit alleging personal injury damages caused when Dean's car was struck by an automobile operated by Chris Duhe and owned by Alamo Rent-A-Car. The accident occurred in Orlando. At the time of the accident, the Tsutrases were Orange County residents. After filing the law suit, they moved out of Florida.
The only limitation contained in the rule authorizing medical examination is: "The request shall specify a reasonable ... place...." Fla. R. Civ. P. 1.360(a)(1)(A). This seems to me to be somewhat less restrictive than the rule regarding depositions which provides:
(2) A person may be required to attend an examination only in the county where the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of the court.
Fla. R. Civ. P. 1410(d)(2) (emphasis supplied).
If the court can designate a place to depose a party other than the county where that person resides or is employed, the court must surely have as much discretion when ordering a medical examination. In this case, the court determined that the reasonable place for the examination of Mr. Tsutras was the county where he was residing at the time of the accident, the county where the accident occurred, the county in which the defendant, Alamo Rent-A-Car, was doing business, and the county in which the lawsuit is pending. Certainly it is not only reasonable, but cost effective to have the independent medical examiner, who will likely testify, be located in the area where the trial will be held.
Because the Tsutrases voluntarily elected to move from Orange County after they filed suit, I do not find the cases of Calvaneso v. Neal, 678 So.2d 366 (Fla. 5th DCA 1996) or Youngblood v. Michaud, 593 So.2d 568 (Fla. 4th DCA 1992) to be controlling. Under these unique facts, I cannot find that the trial judge departed from the essential requirements of law and would therefore decline to issue the writ. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).