KLEIN, Judge.
Petitioner is the plaintiff in a Broward County personal injury case arising out of a Broward County accident. He seeks certio-rari relief from an order compelling him to appear for an independent medical examination by a neurologist in Broward County on the ground that he resides in Lake County and cannot be required to travel to Broward for his examination.
Plaintiff relies on Youngblood v. Michaud, 593 So.2d 568 (Fla. 4th DCA 1992) in which, without stating the facts, we quashed an order requiring a defendant to submit to a physical examination in a county other than that in which defendant resided. Plaintiff argues, based on Youngblood, that a party cannot be required to submit to a physical examination except in the county where the party resides. We do not agree with that proposition.
Plaintiff alleges that he has sustained head injuries and brain damage in this accident. Prior to the accident he had been diagnosed with a malignant brain tumor which was surgically removed. He had, without objection, submitted to two prior medical examinations in this case, one in Broward County, and one in Dade County. After those examinations, plaintiff was treated by a Dade County neurologist a number of times, and after receiving his report, the defendants sought this examination by a neurologist in Broward.
Florida Rule of Civil Procedure 1.360, governing physical examinations, does not restrict where the examination is to be performed. In quashing the order in Young-blood, we made a reference to rule 1.410(d)(2) which provides that a person can be deposed “only in the county wherein the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.”
We cannot agree with plaintiffs argument that Youngblood established a hard and fast rule regarding the location of an independent medical examination. Some less populated counties are lucky to have a family doctor, let alone a neurologist who has the credentials to give an opinion regarding this plaintiffs condition. Federal Rule of Civil Procedure 35, on which our rule is based, has been interpreted as permitting the court to order the plaintiff to be examined at the place where the trial will be held, reasoning that this was the venue selected by the plaintiff and that it would make it convenient for the physician to testify. Baird v. Quality Foods, Inc., 47 F.R.D. 212 (E.D.La.1969) and cases cited therein.
*773 The question of allowing the physical examination was a matter of the trial court’s discretion. Toucet v. Big Bend Moving & Storage, Inc., 581 So.2d 952 (Fla. 1st DCA 1991). Considering the nature of plaintiff’s injuries, the fact that his treating neurologist who will be testifying practices in neighboring Dade County, and the fact that the trial will be in Broward County, we conclude that requiring plaintiff to be examined by a neurologist in Broward County was also a discretionary call and that there was no abuse here.
Certiorari denied.
POLEN and SHAHOOD, JJ., concur.