DAUKSCH, Judge.
Karlynn Blagrove, plaintiff in a personal injury action involving an automobile accident, seeks certiorari review of an interlocutory order granting respondent James Smith’s request for independent examinations in Tampa, Florida. Plaintiff objected to respondent’s request on the basis that Her-nando County is where the action is pending and the site of the accident, as well as her residence and where her medical providers are located.
Plaintiff seeks damages for physical and non-physical injuries she received as a result of the automobile accident. Respondent therefore has good cause for requesting independent examinations pursuant to Florida Rule of Civil Procedure 1.360. See Dominique v. Yellow Freight System, Inc., 642 So.2d 594 (Fla. 4th 1994 DCA), rev. den., 651 So.2d 1193 (Fla.1995).
The request for an independent examination must specify a reasonable place. See Fla. R. Civ. P. 1.360(a)(1)(A). This case is distinguishable from Tsutras v. Duhe, 685 So.2d 979 (Fla. 5th DCA 1997) where this court quashed an order requiring a nonresident plaintiff from Virginia to travel to Florida to submit to independent examinations. As Hernando County and Hillsborough County are geographically close to one another, the trial court did not abuse its discretion in finding that respondent’s request was reasonable. Cf. McKenney v. Airport Rent-A-Car, Inc., 686 So.2d 771 (Fla. 4th DCA 1997). Because the trial court did not depart from the essential requirements of law, the petition for certiorari is denied.
PETITION DENIED.
W. SHARP and GOSHORN, JJ., concur.