W. SHARP, Judge.
Scales seeks review of two orders rendered by the trial court in a personal injury lawsuit, one of which required the plaintiff (Scales) to travel from Lake County to Orange County to submit to an independent medical examination by Dr. Joseph Uricchio, and the other which denied Scales’ motion to strike Dr. Uricchio as a witness. We elect to treat this proceeding as a petition for writ of certiorari, rather than a non-final appeal, as originally filed,[1] and we, deny the petition.
Florida Rule of Civil Procedure 1.360(a)(l)(A)-(B) provides for independent medical examinations when a party’s physical or nonphysical condition is in controversy, as it is in this ease. See Dominique v. Yellow Freight System, Inc., 642 So.2d 594 (Fla. 4th DCA 1994). Florida Rule of Civil Procedure 1.360(a)(2) allows examinations when the party submitting the request has good cause for the examination. We think the defendant in this case (Swill) has established good cause, even though Scales alleged he already had an independent medical examination by a chiropractor in Lake County. The trial court had discretion to make this judgment call. In light of the fact that orthopedic doctors and chiropractors are not synonymous in training or expertise, the trial court’s ruling should not be overturned.
Scales is primarily concerned with the fact that he will be required to travel from Lake County to Orange County to be examined. There is no hard and fast rule in these kinds of cases, and the abuse of discretion standard applies. Florida Rule of Civil Procedure 1.360' only states that the request for an examination must specify a reasonable place. Courts have upheld rulings requiring parties to travel outside their home counties. See McKenney v. Airport Rent-A-Car, 686 So.2d 771 (Fla. 4th DCA 1997).
In Blagrove v. Smith, 701 So.2d 584 (Fla. 5th DCA 1997), this court approved the trial court’s ruling that a'plaintiff in a personal injury action must travel from Hernando County to Tampa in Hillsborough County for the independent examination. We concluded this was not unreasonable because the two counties are geographically close to one another, even though separated by Pasco County. In this case, Lake County and Orange County are not only geographically close, they are adjacent.
Further, we conclude from a review of this record that Dr. Uricchio has substantially complied with Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994) and ' rule 1.280(b)(4)(A)(iii), which was derived from that case. Its intent is to allow limited discovery from an opposing party’s expert witness, in order to establish that witness’ probability of bias. See Carrera v. Casas, 695 So.2d 763, 765 (Fla. 3d DCA 1997).
In this case, Dr. Uricchio answered the interrogátories and provided with one exception the basic information required by the eight Elkins’ criteria. He did not identify each case in which he had previously testified because he claimed he did not keep such records.[2] An expert cannot be com *1061 pelled to comply or produce nonexistent .documents.[3] Further, as Chief Judge Schwartz said in LeJeune v. Aikin, 624 So.2d 788 (Fla. 3d DCA 1993), the discovery process should not be misused to drive expert medical witnesses away from becoming involved in the judicial process.
Petition for Writ of Certiorari DENIED.
COBB, J., concurs.
GOSHORN, J., concurs in result.

. See, e.g., Blagrove v. Smith, 701 So.2d 584 (Fla. 5th DCA 1997); McKenney v. Airport Rent-A-Car, 686 So.2d 771 (Fla. 4th DCA 1997). See also Syken v. Elkins, 644 So.2d 539 (Fla. 3d DCA 1994), approved, 672 So.2d 517 (Fla. 1996); Chung v. Fink, 672 So.2d 34 (Fla. 1996); Young v. Steinberg, 673 So.2d 197 (Fla. 4th DCA 1996); Equitable Life Assur. Soc. v. Daisy Worldwide, Inc., 702 So.2d 263 (Fla. 3d DCA 1997).

. Scales’ Interrogatory No. 15 was directed to the fifth criterion of Elkins — the expert may be required to identify specifically each case in which he or she has actually testified, whether by deposition or at trial, going back a reasonable *1061 period of time, which is normally three years. Elkins, 672 So.2d at 521; Fla.R.Civ.P. 1.280(b)(4)(A)(iii)3.

. The eighth criterion of Elkins provides that an expert may not be compelled to compile or produce nonexistent documents. Elkins, 672 So.2d at 521; Fla.R.Civ.P. 1.280(b)(4)(A).