975 So.2d 470 (2007)
Robert LeFAVE, Appellant,
v.
Melissa BORDONARO, Appellee.
No. 2D06-695.
District Court of Appeal of Florida, Second District.
May 23, 2007.
*471 Jonathan L. Gaines, Elizabeth K. Russo and Craig Lee Montz of Russo Appellate Firm, P.A., Miami, for Appellant.
William Thomas Wadley and Angela A. Zervos of Yanchuck, Berman, Wadley & Zervos, P.A., Tarpon Springs, for Appellee.
WHATLEY, Judge.
This matter arose from an automobile accident wherein the vehicle driven by appellant, Robert LeFave, struck the vehicle driven by the appellee, Melissa Bordonaro. Bordonaro filed a complaint against LeFave alleging that he negligently operated his vehicle. LeFave admitted his liability and admitted that he was under the influence of alcohol at the time of the accident. The parties agreed that since liability was admitted, no reference would be made to LeFave's intoxication. The trial was limited to the issues of causation and damages.
This matter was initially tried in 2003 and Bordonaro was awarded a total recovery of $110,400. However, the trial court granted Bordonaro's motion for new trial after finding that the verdict awarding future medical expenses, but no future pain and suffering, was inconsistent. The second trial resulted in a verdict awarding Bordonaro $968,000. LeFave moved for a new trial, which was denied. We reverse.
LeFave had obtained an independent medical examination (IME) from an orthopedic physician before the first trial. Before the second trial, LeFave sought a second IME from a neurosurgeon, to which Bordonaro objected. The trial court sustained the objection noting there had been no change in circumstances between the first trial and the upcoming second trial that would warrant a second IME. Such a decision is governed by an abuse of discretion standard, and we conclude that the trial court did not abuse its discretion in refusing to permit the second IME. See State Farm Mut. Auto. Ins. Co. v. Shepard, 644 So.2d 111 (Fla. 2d DCA 1994). The trial court limited LeFave's neurosurgeon to a records review.
The mischief occurred at trial when Bordonaro's counsel stated to the jury: "They didn't have her examined and they could have. They have him review records. Why not get another neurosurgeon to come in and testify? Why? Were they afraid of what he was going to say?" LeFave's counsel objected, and the trial court overruled the objection. "[T]he trial judge should always grant a motion for a new trial when `the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record.'" Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla. 1999) (quoting Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959)). Here, LeFave was ambushed. Bordonaro's counsel improperly implied that LeFave chose not to have her examined by a neurosurgeon because he knew the findings would not be favorable. We recognize that the standard of review for orders denying a new trial is abuse of discretion. See McCloud v. Sherman Mobile Concrete Co., 579 So.2d 773 (Fla. 2d DCA 1991). The failure to grant LeFave a new trial was an abuse of discretion. A similar result is found in Fisher v. Perez, 947 So.2d 648 (Fla. 3d DCA 2007).
Based on the foregoing, we do not need to address LeFave's argument as to the alleged impropriety of a document submitted into evidence by Bordonaro.
Reversed.
STRINGER and CANADY, JJ., Concur.