993 So.2d 99 (2008)
Kristopher GOEDDEL, Petitioner,
v.
Phillip J. DAVIS, M.D., et al., Respondents.
No. 5D08-1895.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
Carlos R. Diez-Arguelles and Michael T. Gibson of Martinez, Manglardi, Diez-Arguelles & Tejedor, P.A., Orlando, for Petitioner.
Richard L. Allen, Jr. and Sharon K. Duncan of Rumberger, Kirk & Caldwell, Orlando, for Respondents Philip J. Davis, *100 M.D., and Orlando Regional Healthcare System.
EVANDER, J.
Goeddel, a South Carolina resident, petitions for a writ of certiorari from an order compelling him to appear, in Florida, for a deposition and a compulsory medical examination (CME). We deny the petition.
The underlying medical malpractice action was brought by Goeddel in Orange County, Florida. After Goeddel failed to answer numerous questions during his initial deposition, respondents moved to compel a second deposition as well as a CME. The motion was initially heard by a general magistrate. Goeddel did not oppose respondents' request for a second deposition and a CME, but demanded that both be conducted in South Carolina. The magistrate found that the need for a second deposition was occasioned primarily by Goeddel's failure to be "forthcoming" in his initial deposition. In his report to the trial court, the magistrate recommended that respondents' motion to compel be granted provided that the deposition and CME were scheduled to take place during a single trip to Florida by Goeddel. The magistrate further recommended that respondents be required to pay for one-half of Goeddel's airfare and the reasonable cost of meals for one day. The trial court denied Goeddel's exceptions to the report and adopted each of the magistrate's recommendations.
Contrary to Goeddel's assertion, we find that the trial court's order did not constitute a departure from the essential requirements of law. Trial courts possess broad discretion in overseeing discovery. Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855, 857 (Fla.1994). Here, the magistrate's determination that Goeddel had not been "forthcoming" during his initial deposition is amply supported by the record. During his deposition, Goeddel continuously responded to questions by stating "I don't recall" or "I don't remember" even though many of the questions did not appear to be particularly taxing to one's memory.[1] The need for a second deposition was also occasioned by Goeddel's failure to disclose significant portions of his medical history in his answers to interrogatories. Given that the need for a second deposition was primarily caused by Goeddel's failure to properly respond to discovery requests, we conclude that it was not an abuse of discretion to require the second deposition be taken in Florida.
Goeddel also contends that in Tsutras v. Duhe, 685 So.2d 979 (Fla. 5th DCA 1997), this court determined that a nonresident plaintiff cannot be compelled to submit to a medical examination in Florida. Goeddel misconstrues our decision. In Tsutras, the defendant argued that a nonresident plaintiff was required to submit to a medical examination in Florida. We rejected this argument and observed that the rule authorizing medical examinations required only that the examination be set at a "reasonable... place...." Fla. R. Civ. P. 1.360. We then concluded that it was unreasonable for the trial court to require Tsutras to submit to a medical examination in Florida, at his own expense, after he had already come to Florida for his deposition. However, we then cited to Kibbler v. Richards Medical Co., 1992 WL 233027 (Tenn.Ct.App.1992) and suggested that our decision might be different if the medical examination had been scheduled at the same time Tsutras was in Florida for his deposition. In Kibbler, no abuse of discretion was found where the trial court ordered the nonresident plaintiff to submit to a medical examination in the forum state *101 at the time she was in the state for her deposition.
Goeddel's reliance on Youngblood v. Michaud, 593 So.2d 568 (Fla. 4th DCA 1992) is also misplaced. In Youngblood, our sister court held that a nonresident defendant in a personal injury action would not be required to submit to a medical examination in Florida.
In the present case, Goeddel was properly ordered to appear in Florida for a second deposition. It was not an abuse of discretion for the trial court to require Goeddel to submit to a CME during the same tripparticularly given that respondents were ordered to contribute to the cost of the trip.
Petition for Writ of Certiorari DENIED.
MONACO and COHEN, JJ., concur.
NOTES
[1] Goeddel does not claim that he suffers from an impaired memory.