DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN A. BODZIN,** an individual, and **BODZIN & GOLUB, P.C.,**
Petitioners,

v.

**DIANA LEVITER,** as Personal Representative of the Estate of **SOL
LEVITER,** and next of kin of **SOL LEVITER,** and **DIANA LEVITER,** an
individual,
Respondent.

No. 4D15-2122

[September 9, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Cynthia Imperato, Judge; L.T. Case No.
10-28662 21.

Jerome R. Silverberg and Sorraya M. Solages-Jones of Lewis Brisbois
Bisgaard & Smith LLP, Fort Lauderdale, for petitioner.

Robert A. Stok and Brian H. McGuire of Stok Folk + Kon, Aventura, for
respondent.

WARNER, J.

We grant the petition for certiorari. The trial court departed from the
essential requirements of law in requiring the non-resident defendant, who
has not sought affirmative relief in the Florida courts, to appear for an
independent medical examination in Florida. *See Youngblood v. Michaud,*
593 So. 2d 568 (Fla. 4th DCA 1992) (independent medical examination of
defendant should occur only in county of defendant's residence).

Respondent's reliance on *McKenney v. Airport Rent-A-Car, Inc.*, 686 So.
2d 771 (Fla. 4th DCA 1997), is misplaced. There, the trial court required
a *plaintiff* to appear for an independent medical examination in the county
where the plaintiff filed suit, and our court concluded that the trial court
did not abuse its discretion. In those circumstances, we concluded that
*Youngblood* did not constitute a "hard and fast rule" requiring an IME to
be performed in the county of the plaintiff's residence. Where a plaintiff is
seeking affirmative relief based upon his/her medical condition, an IME at

a location different than the plaintiff's place of residence may be required, because experts necessary to review the plaintiff's condition may not be available there. *Id.* Here, the gravamen of the cause of action in this case—investment fraud—has nothing to do with defendant's condition. Thus, *Youngblood*, and not *McKenney*, is on point.

Respondent's purpose in seeking an examination of the petitioner/defendant is to determine his capacity to testify, after his counsel alleged that he was incapacitated by Alzheimer's disease. Respondent claims that petitioner has the capacity to testify, and in some statements under oath, petitioner agrees. Petitioner has given multiple depositions in this case without having raised incapacity to testify at those depositions. Moreover, respondent already has received petitioner's medical records, retained an expert to review those records and form an opinion as to petitioner's capacity, and found substantial other evidence to support her contention that petitioner is not incapacitated. Even without an IME, if respondent does not wish to have one performed in petitioner's home state, there is substantial evidence from which a trial court can determine whether petitioner is incapacitated from testifying.

There is no rule or statute which requires the defendant to testify at the trial. *See Graber v. Gassman*, 321 So. 2d 82, 83 (Fla. 3d DCA 1975). Obviously, petitioner does not intend to testify at trial, and there is nothing in this record to show that respondent has subpoenaed him and intends to call him as a witness. Although petitioner does not object to the examination, he objects to an examination outside of his state of residence. If respondent still wishes to obtain an examination, she must schedule one there.

LEVINE, J., concurs.
CONNER, J., dissents with opinion.

CONNER, J., dissenting.

The majority agrees with petitioner that *Youngblood v. Michaud*, 593 So. 2d 568 (Fla. 4th DCA 1992), controls the disposition of petition. I disagree and respectfully dissent for the reasons discussed below.

First, *Youngblood* consists of one relatively short substantive paragraph, with very little discussion of the facts and legal analysis. As pointed out in our subsequent opinion in *McKenney v. Airport Rent-A-Car*, 686 So 2d 771, 772 (Fla. 4th DCA), *Youngblood* seemingly premised its reversal by comparing a requirement that a defendant travel outside the county of his residence for a medical examination to a requirement that a

2

defendant travel outside the county of his residence for a deposition. *Youngblood*, 593 So. 2d at 569. In *McKenney*, we clearly rejected the argument "that *Youngblood* established a hard and fast rule regarding the location of an independent medical examination." *McKenney*, 686 So. 2d at 772. We also noted that the Florida rule on compulsory examinations is patterned after the federal rule, and the federal rule has been interpreted to give the court the discretion to determine the location of the examination to facilitate the presentation of evidence. *Id.* We concluded certiorari relief was inappropriate because the trial court did not abuse its discretion in requiring the plaintiff to travel from his home county for a medical examination in the county where the suit was pending. *Id.* at 773.

The majority opinion in this case holds that a trial court departs from the essential requirements of law when it orders a non-resident defendant to travel to Florida for a medical examination. The premise of the position is that a defendant should not be required to travel to Florida unless the defendant seeks affirmative relief. In support of the premise, the majority cites to *Youngblood*. The majority then asserts that *McKenney* stands for the proposition that a plaintiff can be required to travel beyond the county of residence because the plaintiff is seeking affirmative relief. Next, the majority contends "the gravamen of the cause of action in this case — investment fraud — has nothing to do with the defendant's [petitioner's] condition." For those reasons, the majority concludes *Youngblood* is on point and *McKenney* is not.

I respectfully disagree with the majority. Florida Rule of Civil Procedure 1.360 does not limit its application to a *party seeking affirmative relief*. Instead, the rule allows for the examination of a party "*when the condition that is the subject of the requested examination is in controversy*." Fla. R. Civ. Proc. 1.360(a)(1) (emphasis added).[1] I disagree that the rule works differently depending on whether it is a plaintiff or defendant being examined. I have found no case law in Florida that holds the rule works differently, depending on which party is being examined.[2]

---

[1] The United States Supreme Court, in construing Rule 35, upon which rule 1.360 was patterned, has stated "Rule 35 on its face applies to all 'parties,' which under any normal reading would include a defendant." *Schlagenhauf v. Holder*, 379 U.S. 104, 112 (1964).

[2] The Second District seemingly agrees the rule does not work differently depending on which party is being examined. In *State Farm Mutual Automobile Insurance Co. v. Shepard*, 644 So. 2d 111 (Fla. 2d DCA 1994), the court stated the trial court did not err in requiring the *plaintiff* to be examined in the county of her residence, citing *Youngblood*.

My research has revealed there are very few cases in Florida, or nationally, that address the issue of the trial court's discretion in determining the place of a medical examination of a defendant pursuant to statutes or procedural rules in civil cases when it is the *defendant* putting his or her medical status in controversy.[3] In fact, *Youngblood* is the only case in Florida addressing the propriety of the place for a medical examination of a defendant in a civil proceeding. The lack of civil cases addressing the medical examination of a defendant is not surprising, since it is not typical for a defendant to raise a defense which makes an issue of his or her physical or mental status. It is even less typical for a defendant to assert his mental status as a defensive move to block or erode the evidentiary value of his prior testimony, which is the situation in this case. However, it is clear that it is the *defendant* who has put *his* mental status at issue in this case. It is debatable, given the procedural maneuverings by the defense in this case, whether the defendant is using his mental status as a sword, shield, or both.[4]

Of all the districts, the Fifth District has issued the most opinions regarding a trial court's discretion in determining the place for a medical examination. All of the cases address a medical examination of the plaintiff. Although some of the caselaw in the Fifth District has mentioned that the plaintiff has sought affirmative relief by bringing the action, which is pertinent to the issue of the place for depositions, the Fifth District has squarely said "[d]epositions and [medical examinations] are simply not the same" and "[w]hat the courts have held to be a reasonable place in the context of medical exams is not necessarily the same as for depositions." *Tsutras v. Duhe*, 685 So. 2d 979, 980-81 (Fla. 5th DCA 1997). In *Tsutras*, the court addressed the issue of the proper place for a medical examination when the plaintiff resides outside of Florida. *Id.* at 980. The court said, generally speaking:

> If the defendant desires a medical examination it must be done in the resident county or state of the plaintiff, or any

---

[3] In cases in which the *plaintiff* puts the defendant's medical condition in controversy, one can surmise that there is an assumption the examination must be conducted in the county where the defendant resides, and the parties agree to the place of the examination without a fight and thus no appellate issue is created.

[4] Early on in this case, an order was entered pursuant to Florida Rule of Judicial Administration 2.545(c) to give this case priority status in the trial court due to the advanced ages of both plaintiffs (respondents). One of the elderly plaintiffs has since died. At the time suit was filed, both plaintiffs were older than the petitioner.

> other place where she may be found and by a doctor of
> defendant's choice.

*Id.* at 981. However, the court went on to observe that "[o]bviously, the availability of the appropriate medical speciality will influence the extent to which the nonresident plaintiff may be accommodated." *Id.* The court then noted a Tennessee opinion which "found that it was not an abuse of discretion for the trial court to require a [medical examination] of a nonresident plaintiff if the exam was to be performed 'while she was to be in Memphis for her discovery deposition.'" *Id.* (citing *Kibbler v. Richards Med. Co.*, 1992 WL 233027 (Tenn. App. Sept. 23, 1992)).[5]

More recently, the Fifth District has upheld a trial court order requiring a nonresident plaintiff to attend a medical examination in Florida, at the plaintiff's expense, because the plaintiff had not been "forthcoming" in answering questions in his first deposition, taken in Florida, thus prompting the need for a second deposition. *Goeddel v. Davis*, 993 So. 2d 99, 100 (Fla. 5th DCA 2008). The Fifth District found no error in requiring the plaintiff to attend a medical examination in Florida while here for the second deposition, again citing *Kibbler*. *Id.*

In this case, there is no transcript of the pre-trial calendar call hearing which resulted in the order under review.[6] The respondents, two days prior to the calendar call, filed a motion to compel the petitioner's appearance at the hearing, scheduled by the petitioner, to determine his competency to testify. The trial was scheduled to occur approximately two months after the calendar call. In addition to seeking an order compelling petitioner's attendance at the hearing, respondents sought an order compelling a medical examination of petitioner while in Florida to attend the hearing on his competency to testify. Although petitioner contends in his petition before this court that the trial court ordered him to attend the hearing to determine his competence to testify, the written order under review does not so state.[7] However, if the trial court was satisfied at the

---

[5] The dissent in *Tsutras* would have granted more discretion to the trial court than the majority in determining the place for a medical examination. 685 So. 2d at 982 (Goshorn, J., dissenting).

[6] On our order to supplement the record on appeal, the parties have advised there was no court reporter at the calendar call.

[7] The order on review simply sets the date and time of the hearing to determine the petitioner's competency to testify. If the trial court *orally* announced the petitioner must attend the hearing, it was not reduced to writing, and therefore not enforceable. Absent a court order for the petitioner to appear, the only other vehicle for the respondent to compel the petitioner's attendance at an evidentiary hearing is service of a subpoena.

calendar call that the petitioner *would be attending* the evidentiary hearing on his motion to determine competence to testify, even voluntarily, I conclude the trial court did not abuse its discretion, given the procedural defensive maneuvers by petitioner, in requiring petitioner to submit to a medical examination while in Florida.  Like the Fifth District, I agree the trial court should have the discretion to follow the reasoning of *Kibbler*, particularly when that will facilitate the presentation of evidence.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

6