WARNER, J.
We grant the petition for certiorari. The trial court departed from the essential requirements of law in requiring the nonresident defendant, who has not sought affirmative relief in the Florida courts, to appear for an independent medical examination in Florida. See Youngblood v. Michaud, 593 So.2d 568 (Fla. 4th DCA 1992) (independent medical examination of defendant should occur only in county of defendant’s residence).
Respondent’s reliance on McKenney v. Airport Rent-A-Car, Inc., 686 So.2d 771 (Fla. 4th DCA 1997), is misplaced. There, the trial court required a plaintiff to appear for an independent medical examination in the county where the plaintiff filed suit, and our court concluded that the trial court did not abuse its discretion. In those circumstances, we concluded that Youngblood did not constitute a “hard and fast rule” requiring an IME to be performed in the county of the plaintiffs residence. Where a plaintiff is seeking affirmative relief based upon his/her medical condition, an IME at a location different than the plaintiffs place of residence may be required, because experts necessary to *609 review the plaintiffs condition may not be available there. Id. Here, the gravamen of the cause of action in this case — investment fraud — has nothing to do with defendant’s condition. ' Thus, Youngblood, and not McKenney, is on point.
Respondent’s purpose in seeking an examination of the petitioner/defendant is to determine his capacity to testify, after his counsel alleged that he was incapacitated by Alzheimer’s disease. Respondent claims that petitioner has the capacity to testify, and in some statements under oath, petitioner agrees. Petitioner has given multiple depositions in this case without having raised incapacity to testify at those déposi-tions. Moreover, respondent already has received petitioner’s medical records, retained an expert to review those records and form an opinion as to petitioner’s capacity, and found substantial other evidence to support her contention that petitioner is not incapacitated. Even without an IME, if respondent does not wish to have one performed in petitioner’s home state, there is substantial evidence from which a trial court can determine whether petitioner is incapacitated from testifying.
There is no rule or statute which requires the defendant to testify at the trial. See Graber v. Gassman, 321 So.2d 82, 83 (Fla. 3d DCA 1975). Obviously, petitioner does not intend to testify at trial, and there is nothing in this record to show that respondent has subpoenaed ■ him and intends to call him as a witness. Although petitioner does not object to the examination, he objects to an examination outside of his state of residence. If respondent still wishes to obtain an examination, she must schedule one there.
LEVINE, J., concurs.
CONNER, J., dissents with opinion.